The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith* (1990), 68 Ohio App.3d 692.]

Court of Appeals of Ohio,
Summit County.

No. 14206.

Decided July 25, 1990.

**694**

*Lynn Slaby,* Prosecuting Attorney, for appellee.

*Thomas L. Adgate,* for appellant.

CACIOPPO, Judge.

Defendant-appellant Tarice L. Smith appeals his conviction of armed robbery, R.C. 2911.01(A)(1); aggravated burglary, R.C. 2911.11(A)(3); and felonious assault, R.C. 2903.11(A)(2). We affirm.

On June 28, 1989, a jury found Tarice L. Smith guilty on three of the five counts charged in the indictment. He was found not guilty of one of the counts of armed robbery and not guilty of count five of the indictment, having a weapon under a disability. The jury also found him not guilty of any of the firearm specifications, R.C. 2941.141, charged in the indictment. The trial court conducted a hearing pursuant to R.C. 2929.11 to consider a penalty enhancement since Smith had previously been convicted of the offense of armed robbery in 1971. The trial court found that Smith had been previously convicted of armed robbery and therefore was subject to the penalty enhancement. He was sentenced to two consecutive indeterminate sentences of ten to twenty-five years, both with an actual period of incarceration of ten years. He was also sentenced to an indeterminate sentence of ten to fifteen years, ten years' actual incarceration, for the felonious assault conviction to run concurrently with the sentences for armed robbery and aggravated burglary.

In the early morning hours of March 22, 1989, Tarice L. Smith, along with Gregory Curry, went to the home of Edna Sharpley in Twinsburg, Ohio to find Timothy Russell. Smith alleged that he had loaned Russell $250 to finance a drug deal that Russell arranged the previous evening. Russell was to give Smith $350 as repayment for the loan the evening of March 21, 1989 at a location in the Cleveland area. When Russell failed to meet Smith that evening, Smith, along with Gregory Curry, got into his car and drove to the Sharpley home in Twinsburg.

Smith knocked on the door of the Sharpley home until Tim Russell answered the door. It is disputed as to whether Smith broke down the door or whether the front door was damaged when Russell attempted to close the door on Smith to prevent his entering the premises. Smith demanded the money he claimed he loaned Russell. Russell ran to the kitchen where Smith caught up with him. A fight took place and both were injured in the fracas. Russell

escaped through the back door of the kitchen. Meanwhile, Curry was in Edna Sharpley's room.

Sharpley, awakened by the commotion, saw Curry at the foot of her bed. Curry told her that it was a holdup and that they wanted money and "crack." Curry grabbed Sharpley around the neck and led her to the kitchen area where Smith was fighting with Russell. Irene Sowell, Sharpley's sixty-six-year-old niece, was also staying in the home and witnessed the altercation.

Curry released Sharpley, and Curry and Smith both ran through the back door in search of Russell. Smith was later identified as the assailant through a photo display and an address book that was inadvertently left on the floor of the Sharpley home.

Smith appeals his conviction raising seven assignments of error.

### Assignment of Error I

"The trial court erred to the prejudice of the defendant by allowing the state to introduce evidence that defendant was convicted of armed robbery in 1971 when such conviction was not needed by the state to sustain its burden of proof."

Smith argues that the use of his 1971 armed robbery to support an alleged violation of having a weapon under a disability, R.C. 2923.13(A)(2), was unduly prejudicial when the state could have used a subsequent conviction of carrying a concealed weapon, R.C. 2923.12, to support the charge.

The state must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense. *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375. When a previous conviction is an element of an offense, the state must prove the prior offense beyond a reasonable doubt. *State v. Weible* (Mar. 15, 1989), Summit App. No. 13754, unreported, 1989 WL 24227. Neither the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction. *Id.*

In the instant case, counsel for appellant made a timely objection in a pretrial hearing and at trial to the use of the 1971 armed robbery conviction. The trial court would not allow the conviction to be used for impeachment purposes pursuant to Evid.R. 609, but did allow the 1971 conviction to be used to prove a prior conviction of a violent felony under R.C. 2923.13(A)(2).

The jury in this case acquitted the appellant of the charge of having a weapon under a disability. Further, the fact that the jury was able to discern the difference in the armed robbery charges when they acquitted the defen-

dant of the armed robbery charge relating to Russell also demonstrates that the use of the 1971 conviction was not prejudicial to Smith.

Appellant's reliance on *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, is misplaced. The *Allen* court's concern of the use of prior offenses involved a case where the prior offense affects a penalty enhancement. Here, the prior offense is an essential element of the crime charged. Thus, its use is not only proper but required. Therefore, appellant's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred to the prejudice of the defendant by not declaring a mistrial due to the conduct of state witness Edna Sharpley."

In his second assignment of error, appellant asserts that the conduct of a state's witness, an alleged victim of one of the appellant's armed robbery charges, was cause for the declaration of a mistrial.

■ The granting or denying of a mistrial under Crim.R. 33 rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 31 OBR 375, 382, 510 N.E.2d 343, 349. An appellate court will not disturb the exercise of that discretion absent a showing of an abuse and that the accused has suffered material prejudice. *State v. Long* (1978), 53 Ohio St.2d 91, 98, 7 O.O.3d 178, 181–182, 372 N.E.2d 804, 808.

■ During cross-examination, the state's witness, Edna Sharpley, age seventy-one, repeatedly embellished her responses during cross-examination with statements of her ill health. We agree with the trial court that even though she ignored the court's admonitions against adding personal comments about her health in response to questions put to her during cross-examination, this embellishment did not necessitate the declaration of a mistrial. The trial court's instructions concerning her testimony cured any possible prejudice to the defendant's case. The second assignment of error is overruled.

### Assignment of Error III

"The conviction for aggravated robbery is not supported by sufficient evidence."

■ In a claim of insufficient evidence, all of the evidence is to be considered in the light most favorable to the prosecution. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573. The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* However, it

is not the role of the reviewing court to substitute its decision for that of the jury unless it can say that a reasonable person would have doubted the defendant's guilt. *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134; *State v. Coleman* (1988), 37 Ohio St.3d 286, 291, 525 N.E.2d 792, 797–798.

■ The jury convicted Smith of aggravated robbery in violation of R.C. 2911.01(A)(1). The record in this case indicates that there was sufficient evidence presented at trial for a jury to convict the appellant as an aider and abettor to co-defendant Curry in the aggravated robbery of Edna Sharpley. Appellant's third assignment of error is overruled.

### Assignments of Error

"IV. The trial court erred to the prejudice of the defendant by failing to instruct the jurt [*sic*], over objection, on the lesser included offense of assault, R.C. 2903.13.

"V. The trial court erred to the prejudice of the defendant by failing to instruct the jury, over objection, on the lesser offense of trespass, R.C. 2911.21."

These two assignments of error are interrelated and will be addressed together. Appellant contends that the trial court committed prejudicial error when it refused to give the jury an instruction on assault, R.C. 2903.13(A), as a lesser included offense of felonious assault, R.C. 2903.11(A)(2), and criminal trespass, R.C. 2911.21, as a lesser included offense of aggravated burglary, R.C. 2911.11. We disagree.

■ An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. The state concedes and we agree that assault can be a lesser included offense to the charge of aggravated assault and that criminal trespass can be a lesser included offense to a charge of aggravated burglary. However, while an offense may be statutorily defined as a lesser included offense of another, a charge on such a lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus.

Smith had the court instruct the jury on the elements of self-defense in regard to the felonious assault charge. The added element of having a deadly weapon, as found in felonious assault, R.C. 2903.11(A)(2), and not in the crime of assault, R.C. 2903.13, was proven through testimony of both parties to the incident. It is obvious that the jury did not believe Smith's self-defense claim, but did believe that the weapon used was a pipe and not a gun. Therefore, the trial court did not err when it refused to instruct on the lesser included offense of assault to the charge of felonious assault.

It is true that criminal trespass, R.C. 2911.21, may be a lesser included offense of aggravated burglary, R.C. 2911.11, when the test from *Deem, supra,* is applied. However, a review of the record indicates that the trial court did not abuse its discretion when it found that the evidence in this case did not warrant the instruction.

Appellant's fourth and fifth assignments of error are overruled.

## Assignments of Error

"VI. The conviction for felonious assault is against the manifest weight of the evidence as the defendant established the affirmative defense of self-defense.

"VII. The conviction for felonious assault is against the manifest weight of the evidence."

Appellant's sixth and seventh assignments of error are also interrelated and will be considered together.

Smith argues that his conviction for felonious assault was against the manifest weight of the evidence since he established the affirmative defense of self-defense.

When viewing a claim that the verdict was against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218, 485 N.E.2d 717, 720.

In the instant case, a review of the entire record does not convince us that the jury clearly lost it way and created a manifest miscarriage of justice. Further, the issue of self-defense involved the credibility of Smith as a witness. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. We

see no reason to disturb the jury's verdict. Appellant's sixth and seventh assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.