DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Kenneth Schlegel appeals from his conviction and sentence in the Summit County Court of Common Pleas. We affirm.
On the evening of October 18, 1996, Schlegel, who at the time was nineteen years old, was out with friends. He consumed several beers and smoked an unknown quantity of marijuana. He returned to his house on Manitou Avenue in Akron, Ohio, at about 12:30 a.m. the next morning. At home, he consumed more alcohol and took two doses of Xanax, a relaxant drug related to Valium. At some point after 2 a.m., Schlegel, realizing that he was home alone, decided to shoot a nine millimeter semiautomatic rifle he had purchased about a week before. He leaned out of an attic window, aimed at the ground between two houses across the street, and fired two rounds. Shooting the gun "excited" Schlegel, so about ten minutes later he leaned out of another attic window and fired three or four more rounds between houses across the street.
The house across the street was owned by Catherine Danielak. She lived there with her daughter Carol Butera, Butera's husband, and Butera's daughter. At about 4 a.m., Butera heard a noise come from Danielak's bedroom, which faced Schlegel's house, where Danielak was sleeping at the time. When she went to Danielak's room, she found that a sweeper in the room was damaged and that there was a hole in the wall. Butera initially thought that the sweeper had exploded, but further investigation disclosed that a bullet had passed through the wall. About ten minutes later, the occupants of the house heard gunshots again. Upon entering Danielak's bedroom, more bullet holes were found in the wall.[1] Butera then called 911.
When officers from the Akron Police Department arrived, they noted that the first shot must have come from a higher angle and began looking across the street. One officer found a shell casing below the attic window where Schlegel had first fired his rifle. Upon further investigation, the officers found three more shell casings on the opposite side of the house next to a side door. The officers knocked on the windows and doors, but got no response. One of the officers discovered that a side door was open, and the officers entered the house. After a search, Schlegel was found hiding under a pile of clothes in an upstairs closet, and was placed under arrest. The officers also seized the nine millimeter semiautomatic rifle and a .38 caliber handgun.
Schlegel was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(2) and one count of improperly discharging a firearm at or into a habitation in violation of R.C.2923.161(A). Both counts carried a firearm specification. Schlegel pled not guilty to both counts. After a four day jury trial, the jury found Schlegel not guilty of felonious assault and guilty of improperly discharging a firearm on March 4, 1997. The trial court sentenced Schlegel to four years actual incarceration on the count, and an additional three years on the firearm specification to that count, with the sentences to be served consecutively. Schlegel now appeals to this court.
Schlegel asserts four assignments of error. We address each in turn.
 I. The trial court committed prejudicial error by denying thedefendant-appellant's motion in limine concerning testimonyof Bernard Hoge concerning an alleged incident of defendantfiring an air rifle at Bernard Hoge's garage months beforethe alleged incident charged in the indictment herein, inviolation of defendant's rights as guaranteed to him by theFifth and Fourteenth Amendments to the U.S. Constitution.
In his first assignment of error, Schlegel asserts that the trial court erroneously denied part of a motion in limine. Before the jury heard any evidence, Schlegel moved in limine to exclude certain evidence. Among the matters Schlegel desired to have excluded was evidence of other alleged "bad acts" committed by Schlegel. During the in limine hearing, the trial court heard the testimony of Bernard Hoge, a neighbor of Schlegel. Hoge testified that his backyard abutted Schlegel's backyard, and that Hoge had various problems with Schlegel. The trial court excluded all evidence except as it related to Schlegel allegedly firing BBs into Hoge's house during the preceding summer. Hoge later testified about that incident at trial. Schlegel argues that it was error for the trial court to permit such testimony. We disagree.
Appellate courts are generally not concerned with motions inlimine because they are only temporary and do not reflect a final determination by the trial judge. Phillips v. Agarwal (Sept. 5, 1990), Summit App. No. 14361, unreported, at 3. Since a ruling on a motion in limine is only preliminary, an objection to such must be raised once the evidentiary issue is presented during trial to properly preserve the question for appeal. Id. at 3-4. Schlegel did not object when the prosecution elicited Hoge's testimony at trial concerning BBs that Hoge found in the side of his house. Therefore, Schlegel's first assignment of error has not been properly preserved for our review and is overruled.
 II. The trial court committed prejudicial error by denying themotion for a mistrial made by defendant-appellant followingtestimony by Bernard Hoge concerning alleged incidents of BBsbeing shot in the direction of both his person and his wife'shead, in violation of defendant's rights as guaranteed to himby the Fifth and Fourteenth Amendments to theU.S. Constitution.
Schlegel's second assignment of error argues that the trial court erroneously denied his motion for a mistrial. During his testimony at trial, Hoge mentioned an incident when BBs allegedly shot by Schlegel "went by [Hoge's] wife's head." Hoge had not mentioned this incident during the in limine hearing, and the testimony took both the prosecutor and Schlegel's attorney by surprise. Schlegel moved for a mistrial based on the possibly prejudicial value of the testimony relating to Hoge's wife. The trial court overruled his motion. Schlegel now argues that it was error for the trial court to overrule his motion for a mistrial. We disagree.
A request for a mistrial under Crim.R. 33 is directed to the trial court's sound discretion, which we will not disturb absent abuse of that discretion and material prejudice suffered by the defendant. State v. Smith (1990), 68 Ohio App.3d 692, 696. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tulloh v. Goodyear Atomic Corp.
(1994), 93 Ohio App.3d 740, 752. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown CityMining, Inc. (1993), 90 Ohio App.3d 546, 552.
The trial court did not abuse its discretion by denying Schlegel's motion for a mistrial because any error that resulted from Hoge's testimony was harmless. "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Accordingly, "[w]here constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281, paragraph six of the syllabus.
Even if Hoge's testimony were excluded, there is overwhelming evidence sufficient to support Schlegel's conviction. Schlegel admitted firing the rifle in the direction of Danielak's house, and Danielak's house was occupied at the time Schlegel fired the shots. Furthermore, the testimony dealing with Schlegel allegedly shooting BBs at Hoge's wife relates more to the felonious assault charge, rather than improperly discharging a firearm at or into a habitation, and the jury acquitted Schlegel of the felonious assault charge.
Schlegel did not suffered material prejudice as a result of Hoge's testimony. Schlegel's second assignment of error is overruled.
 III. The trial court committed prejudicial error by allowing thestate, on cross-examination of defendant-appellant, toinquire of defendant-appellant concerning alleged incidentsin which defendant had threated [sic] to shoot twoindividuals, at least one of such threats having been made in1993, in violation of defendant's rights as guaranteed to himby the Fifth and Fourteenth Amendments to theU.S. Constitution.
Schlegel's third assignment of error contends that the trial court improperly admitted evidence of incidents where Schlegel allegedly threatened to shoot another person. We disagree.
Schlegel testified as the only defense witness. On direct, the following exchange occurred:
 "Q [by Schlegel's attorney]. Was it your desire to shoot the house?
"A [by Schlegel]. No.
 "Q. Was it your desire to shoot anybody in the house?
"A. No, sir. I'd never do that, sir.
"Q. Pardon me?
 "A. I would never do anything like that, not on purpose."
Thereafter, the prosecutor requested a sidebar and announced his intention to introduce evidence of Schlegel attacking and threatening to shoot other people on prior occasions, arguing that Schlegel had "opened the door" by his testimony. Over Schlegel's objection, the prosecutor questioned Schlegel about two incidents in March 1993 where Schlegel allegedly threatened to shoot the person he was quarreling with.[2] Schlegel argues that the prosecutor's actions were improper because he never "opened the door" for questioning on his peacefulness. We disagree.
A trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse of discretion which materially prejudiced the objecting party. Williams v. Oeder (1995), 103 Ohio App.3d 333, 341. Evid.R. 404(A) governs the introduction of evidence of a criminal defendant's character traits:
 (A) Character Evidence Generally.
Evidence of a person's character or a trait of his character is not admissible for the purpose of proving he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 (1) Character of Accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible[.]
Thus, the prosecution may not cross-examine a defendant on a character trait unless the defendant first "opens the door" on direct examination.
Schlegel argues that his statements did not "open the door" for the prosecution's attack on his peacefulness because the questioning on direct related only to his desire to harm Danielak. However, the transcript reveals that no such qualifiers exist. Schlegel stated that he "would never do anything like that, not on purpose." No specific mention of Danielak or any other resident of the house was made. Schlegel's response was a general one asserting his peacefulness, which permitted the prosecutor to question him about the prior incidents.[3] We cannot say that the trial court abused its discretion by allowing the prosecutor to inquire about these incidents. Schlegel's third assignment of error is overruled.
 IV. The verdict of guilt concerning the charge of improperlydischarging firearm [sic] at or into habitation [sic] isagainst the manifest weight of the evidence, and must bereversed. The conviction herein, which is against themanifest weight of the evidence, is in violation ofdefendant's rights as guaranteed to him by the Fifth andFourteenth Amendments to the U.S. Constitution.
Schlegel's fourth assignment of error argues that the jury's verdict is against the manifest weight of the evidence. Schlegel contends that the jury could not find that he knowingly fired his rifle at Danielak's house. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. See id.
R.C. 2923.161(A) states: "No person, without privilege to do so, shall knowingly discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of any individual[.]" Schlegel readily concedes that his conduct was negligent or reckless but argues that the evidence does not show that he knowingly shot Danielak's house. R.C. 2901.22(B) defines knowing conduct: "A person acts knowingly * * * when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature[.]"
Schlegel's testimony shows that his conduct met the definition of "knowingly." Though he had consumed alcohol and other drugs, he knowingly fired the gun. He testified that he aimed the rifle between the houses but that the houses were very close together. We cannot say that the jury lost its way, because it reasonably could have concluded that Schlegel's actions show that he was aware of the probable result of his actions. Schlegel's fourth assignment of error is overruled.
All of Schlegel's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J.
CONCUR
[1] Bullet holes were also later found in the garage door and the bedroom of Butera's daughter.
[2] The trial court excluded questions as to several other incidents that did not involve threats to shoot another person.
[3] We again note that the evidence relates more to the felonious assault charge, and the jury found Schlegel not guilty of felonious assault.