OPINION
Defendant-appellant Larry Bogovich appeals his convictions and sentences in the Fairfield County Court of Common Pleas on one count of robbery, in violation of R.C. 2911.02(A)(2); one count of burglary, in violation of R.C. 2911.12(A)(1); and one count of grand theft of a motor vehicle, in violation of R.C. 2913.02. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Sometime after 7:30 a.m. on July 11, 1997, Lionell Lyle heard the sound of his car engine starting in the garage of his home at 13658 Cobble Stone Lane, Pickerington, Ohio. Mr. Lyle went outside to investigate and observed an unknown individual sitting in his 1986 Toyota Camry. During his attempt to prevent the man from absconding with his car, Mr. Lyle was struck with the right front end of the vehicle. Appellant was implicated as the perpetrator of the offense.
On July 25, 1997, the Fairfield County Grand Jury indicted appellant on one count of robbery, in violation of R.C.2911.02(A)(2); one count of aggravated burglary, in violation of R.C. 2911.11(A)(1); and one count of grand theft of a motor vehicle, in violation of R.C. 2913.02. At his arraignment on August 25, 1997, appellant entered pleas of not guilty to the offenses charged in the indictment. A jury trial commenced on October 28, 1997.
At trial, Lionell Lyle testified he woke up at approximately 7:30 a.m. on July 11, 1997. As was his custom, he opened the garage door and walked to the mailbox to retrieve the newspaper. When Mr. Lyle reentered the house, he left the garage door open. Once inside, Mr. Lyle prepared to eat his breakfast and read the newspaper. Within a few minutes, he heard his car starting in the garage. When he returned to the garage, the car was not in its usual position. Mr. Lyle walked outside and observed an individual in the driver's seat of his car, which was stationary in the driveway. After Mr. Lyle yelled at the man, the individual looked up, put the car into drive, and headed down the driveway, striking Mr. Lyle with the front end of the vehicle in the process.
Kisekl Lyle, the wife of Lionell Lyle, testified she was eating breakfast with her husband on the morning of July 11, 1997, when she heard the car engine from the garage. Mrs. Lyle testified her husband ran into the garage. She stated she proceeded to the front window to ascertain what was happening. Mrs. Lyle observed someone driving away in her car and her husband lying on the ground. Both Mr. and Mrs. Lyle testified the car was parked in the garage the night before and was not moved prior to the incident.
Paul Bogovich, appellant's father, testified at approximately 8:00 a.m. on July 11, 1997, he received a telephone call at his mother's home in Pennsylvania from his 18 year old son, Phillip, who informed him appellant was at his house in Pickerington, Ohio. Mr. Bogovich instructed Phillip not to allow appellant into the house.
Mr. Bogovich further testified, at approximately 12:00 noon on the same day, he received a call from appellant, who stated he had left the half-way house where he was living because he was involved in some trouble. Mr. Bogovich stated appellant admitted to taking a car and hitting the owner with the vehicle as he drove away. After finishing the conversation with appellant, Mr. Bogovich called the Fairfield County Sheriff's Department. Mr. Bogovich also testified appellant stated the vehicle he took was located in the driveway of the home with engine running.
Officer Shawn Tasker of the Hancock, Maryland Police Department testified, at approximately 11:00 p.m. on the evening of July 11, 1997, he was dispatched to the Hancock Motel based upon a report an individual wanted in connection with a stolen vehicle was at the establishment. When he arrived at the scene, Officer Tasker observed the Lyle vehicle parked in the motel lot. A check of the registry revealed appellant was registered at the motel. When Officer Tasker ran appellant's name and the car license plate through the NCIC computer, he learned appellant was wanted out of Ohio and the vehicle was stolen. At approximately 5:00 a.m. the next morning, Officer Tasker, with the assistance of the Maryland State Police, apprehended appellant.
At the close of the State's case-in-chief, appellant's trial counsel made an oral motion pursuant to Crim.R 29 for a directed verdict, which the trial court overruled.
Appellant was the only witness to testify for the defense. During his testimony, appellant admitted he took the car out of the Lyle's driveway. Contrary to the testimony of Mr. and Mrs. Lyle, appellant stated the vehicle was running and parked in the driveway, not in the garage, when he absconded with it. Appellant reiterated this point throughout his testimony.
At the close of all the evidence, appellant's trial counsel renewed his oral Crim.R 29 motion, which the trial court overruled. After closing arguments, but prior to the trial court's instructing the jury, appellant's trial counsel placed an objection on the record as to the failure of the trial court to include an instruction on criminal trespass. With respect to count two of the indictment, the trial court instructed the jury on aggravated burglary and the lesser included offense of burglary. At the conclusion of the jury instructions, the parties and the trial court agreed the State failed to prove the elements of aggravated burglary. Accordingly, the trial court only submitted the lesser included offense of burglary to the jury along with counts one and three as charged in the indictment. Appellant's trial counsel renewed his objection to the trial court's failure to instruct the jury on criminal trespass as a lesser included offense of burglary.
After hearing all the evidence and deliberations, the jury found appellant guilty on count one, robbery; guilty on count two, burglary; and guilty on count three, grand theft of a motor vehicle.
The trial court conducted a sentencing hearing on November 4 and 5, 1997. The court sentenced appellant to concurrent terms of imprisonment of four years on count one, and fifteen months on count three. The trial court sentenced appellant to four years on the burglary count and ordered the sentence to be served consecutively to the other sentences.
It is from these convictions and sentences appellant prosecutes this appeal raising as his sole assignment of error:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO INSTRUCT THE JURY AS TO THE LESSER INCLUDED OFFENSE OF CRIMINAL TRESPASS.
Herein, appellant contends the trial court erred in denying his request for a jury instruction on criminal trespass with respect to the second count of the indictment. Appellant argues criminal trespass is a lesser included offense of burglary and, thus, he was entitled to such an instruction.
In State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the Ohio Supreme Court set forth a three prong test to determine whether an offense is a lesser included offense. An offense may be a lesser included offense when 1) the offense carries a lesser penalty than the other; 2) the greater offense cannot be committed without the lesser offense also being committed; and 3) some element of the greater offense is not required to prove the commission of the lesser offense. Id. at 205, 533 N.E.2d 294.
We begin with a comparison of the elements of the offenses of burglary and criminal trespass.
R.C. 2911.12 sets forth the elements of burglary:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
 (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
 (B) As used in this section, "occupied structure" has the same meaning as in section 2909.01 of the Revised Code.
R.C. 2911.21 sets forth the elements of criminal trespass:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another;
 (2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows he is in violation of any such restriction or is reckless in that regard;
 (3) Recklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access;
 (4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.
This Court has previously held criminal trespass is a lesser included offense of burglary. State v. Beasley (June 1, 1998), Stark App. No. 1997CA00423, unreported. See, also, State v. Smith
(1990), 68 Ohio App.3d 692,697.
Although an offense may be statutorily defined as a lesser included offense of another, a charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v.Thomas (1988), 40 Ohio St.3d 213, para. 2 of syllabus. As to this consideration, the Supreme Court stated in State v. Wilkins
(1980), 64 Ohio St.2d 382:
 If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.
 The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant.
 Id. at 388.
In the case at bar, appellant admitted to taking the Lyle's vehicle. However, appellant adamantly maintained the vehicle was not in the garage, but was parked in the driveway with the engine running. Considering the evidence most favorably to appellant, a fact pattern exists upon which the trier of fact could both acquit appellant on the charge of burglary and find him guilty of criminal trespass. If the jury believed appellant's testimony the vehicle was in the driveway, and not in the garage, the jury could not convict appellant of burglary, which requires trespass in an occupied structure. Because the jury could have found appellant did not enter an occupied structure, we find appellant was entitled to an instruction on criminal trespass and the trial court erred in failing to so charge the jury.
Appellant's sole assignment of error is sustained.
The convictions and sentence of the Fairfield County Court of Common Pleas on the counts of robbery and grand theft of a motor vehicle are affirmed. The conviction and sentence on the count of burglary is vacated and the matter remanded to the trial court for further proceedings in accordance with law and this opinion.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed as to appellant's convictions and sentences on the robbery and grand theft of a motor vehicle charges, but reversed as to appellant's conviction and sentence on the burglary charge. The case is remanded to the trial court for further proceedings in accordance with this opinion and the law. Costs assessed to appellee.