DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eric McDaniel, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On November 20, 2004, Lorain Police Officer Casselman received a dispatch alerting him that a black male was running down the street shooting at people in the vicinity of W. 15th
Street. Officer Casselman responded to the call. Upon reaching W. 15th St., he observed Appellant walking down the middle of the street. Officer Casselman asked Appellant to stop but Appellant declined and ran from the scene. Officer Casselman chased Appellant for several blocks before losing sight of him.
 {¶ 3} Officer Soto, also an officer with the Lorain Police Department, received a dispatch that a male was firing shots in the vicinity of W. 20th Street. Officer Soto responded to the call and headed towards W. 20th Street where he encountered Appellant. Officer Soto tried to stop Appellant but he refused and fled the scene. Officer Soto pursued Appellant on foot and, with the help of five or six officers, apprehended him. Once handcuffed, Appellant refused to stand up and the officers had to raise him to his feet. Officer Casselman then conducted a pat down of Appellant. The officers then placed Appellant in Officer Zapolski's patrol vehicle where he remained for fifteen or twenty minutes while the officers checked his identity. During Appellant's detention in Officer Zapolski's cruiser, Officer Zapolski observed Appellant squirming in the back seat of the cruiser.
 {¶ 4} The officers then transferred Appellant to Officer Camarillo's vehicle because Officer Camarillo was designated as the transport officer for the evening. After transferring Appellant to Officer Camarillo's patrol vehicle, Officer Zapolski searched his vehicle and discovered a firearm in the rear seat of the cruiser, close to the location where Appellant's hands were positioned. Officer Zapolski had also searched his cruiser at 10:00 p.m., the beginning of his shift. The incident at issue occurred around 11:00 p.m.
 {¶ 5} On January 15, 2005, the Lorain County Grand Jury indicted Appellant on one count of Carrying a Concealed Weapon, a violation of R.C. 2923.12(A), a felony of the fourth degree, one count of Having Weapons While Under Disability, a violation of R.C. 2923.13(A)(3), a felony of the third degree with a firearm specification, one count of Tampering With Evidence, a violation of R.C. 2921.12(A), a felony of the third degree with a firearm specification, and one count of Obstruction of Official Business, a violation of R.C. 2921.31(A), a felony of the fifth degree with a firearm specification. On February 24, 2005, a supplemental indictment was filed charging Appellant with an additional count of Having Weapons Under Disability, a violation of R.C.2923.13(A)(2), a felony of the third degree with a firearm specification. Appellant pled not guilty to all charges.
 {¶ 6} Appellant filed a Motion in Limine to exclude his prior record, which included a felony offense of violence and a conviction of felony drug abuse, and offered to stipulate that he was under a disability at the time of the alleged incident. The trial court told Appellant that it would only accept a stipulation which included Appellant's prior felony offense of violence and a prior drug offense. Appellant countered that he should only have to stipulate to one of the offenses and offered to stipulate to the drug abuse offense. Appellant contended that such a stipulation was sufficient to convict him under R.C.2923.13. The trial court disagreed. Appellant then agreed to the stipulation to both a prior offense of violence and a prior drug abuse offense. The court granted Appellant's Motion in Limine and entered the stipulation into its record over Appellant's objection.
 {¶ 7} Appellant was tried before a jury who returned a guilty verdict on all counts and specifications contained in the indictment. On March 8, 2005, Appellant was sentenced to an aggregate prison term of nine years incarceration. Appellant timely filed a notice of appeal on March 31, 2005 and has raised three assignments of error. We have combined Appellant's first two assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE JURY TO BE INFORMED THAT [APPELLANT] HAD PREVIOUSLY BEEN CONVICTED OF A FELONY OFFENSE OF VIOLENCE AND A FELONY DRUG CONVICTION AFTER [APPELLANT] HAD AGREED TO ADMIT TO THIS FACT AND REMOVE IT FROM THE JURY'S CONSIDERATION IN ORDER TO AVOID THE PREJUDICIAL IMPACT OF THE PRIOR CONVICTIONS ON THE JURY'S DELIBERATIONS."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REJECTED [APPELLANT'S] OFFER TO STIPULATE TO A PRIOR DRUG OFFENSE AND ALLOWED THE STATE TO PRESENT EVIDENCE OF HIS PRIOR OFFENSE OF VIOLENCE."
 {¶ 8} In his first two assignments of error, Appellant contends that the trial court erred in rejecting his offer to stipulate to one of his prior felony offenses and that he was prejudiced by the stipulation to his prior felony offense of violence. We disagree.
 {¶ 9} It is within the trial court's sound discretion to determine whether evidence is relevant, and whether relevant evidence should be excluded. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. The trial court is afforded broad discretion in ruling on the admissibility of evidence, and its decision will not be overturned unless there is a clear abuse of discretion and material prejudice to the defendant. State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Appellant was convicted under R.C. 2923.13, which prohibits a person from knowingly carrying a firearm, if the following apply:
"* * *
"(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
"(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."
 {¶ 11} Appellant was indicted, in the alternative, under both R.C. 2923.13(2) and (3). Appellant claims that the court abused its discretion in requiring him to stipulate to both an offense of violence and a drug abuse offense instead of allowing him to stipulate to one of these offenses. More specifically, Appellant contends that the stipulation to the prior offense of violence was overly prejudicial and unnecessary given his willingness to stipulate to the prior drug abuse offense, "especially in a case where the jury had to find that the defendant was in possession of a firearm and the indictment carried numerous firearm specifications."
 {¶ 12} "The state must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense" and "[w]hen a previous conviction is an element of an offense, the state must prove the prior offense beyond a reasonable doubt." State v. Smith
(1990), 68 Ohio App.3d 692, 695. We are mindful that "[n]either the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction." Id.
 {¶ 13} In order to prove the offense of having a weapon while under disability, the State was required to prove Appellant's prior felony conviction beyond a reasonable doubt. If the State and/or trial court had refused to accept a stipulation proposed by Appellant, the State would have then introduced evidence of these convictions in order to prove, beyond a reasonable doubt, that Appellant was under a disability at the time of the incident. Because the State could introduce evidence regarding any of Appellant's prior felony offenses that would establish that he was under a disability, as defined in R.C. 2923.13, the trier of fact would have inevitably heard evidence regarding Appellant's prior offense of violence.[1]
 {¶ 14} By stipulating to his prior offenses, Appellant avoided the State's introduction of the specific nature of his prior felony convictions and arguably avoided the jury's consideration of more prejudicial evidence. However, as set forth above, Appellant had no right to stipulate, nor did the trial court or the State have a duty to accept a stipulation. We find no abuse of discretion in the trial court's decision to offer this stipulation. Appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"[APPELLANT'S] CONVICTIONS FOR TAMPERING WITH EVIDENCE, CARRYING A CONCEALED WEAPON, HAVING WEAPONS UNDER DISABILITY, OBSTRUCTING OFFICIAL BUSINESS AND A FIREARM SPECIFICATION WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} In his third assignment of error, Appellant contends that his convictions for tampering with evidence, carrying a concealed weapon, having weapons under disability, obstructing official business and a firearm specification were against the manifest weight of the evidence. We disagree.
 {¶ 16} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 17} Appellant was convicted of carrying a concealed weapon in violation of R.C. 2923.12, which provides:
"(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:
"(1) A deadly weapon other than a handgun;
"(2) A handgun other than a dangerous ordnance;
"(3) A dangerous ordnance."
 {¶ 18} Appellant contends that his convictions were against the manifest weight of the evidence because there was no evidence that he possessed a firearm. "In order to `have' a firearm [within the meaning of R.C. 2923.13], one must either actually or constructively possess it." (Emphasis omitted.) State v. Hardy
(1978), 60 Ohio App.2d 325, 327. The Ohio Supreme Court has held that a person has constructive possession of something when he is able to exercise dominion or control over that item. State v.Wolery (1976), 46 Ohio St.2d 316, 329. Circumstantial evidence alone is sufficient to support the element of constructive possession. See State v. Jenks (1991), 61 Ohio St.3d 259, 273.
 {¶ 19} The State presented evidence that the Lorain Police Department received a call on November 20, 2004 alerting them that a black male was firing shots near W. 20th Street. Officers responded to the call and encountered Appellant walking down the street. When officers approached Appellant to question him, he fled the scene. After chasing Appellant for several blocks, officers eventually caught and restrained him. Officer Casselman then conducted a pat down before officers placed Appellant into Officer Zapolski's cruiser. During Appellant's detention in Officer Zapolski's cruiser, Officer Zapolski observed Appellant moving his hips and wriggling his hands which were bound behind his back by handcuffs. After removing Appellant to Officer Camarillo's cruiser for transportation to the Lorain County Jail, Officer Zapolski searched his vehicle and discovered a firearm in the rear seat of the cruiser, close to the location where Appellant's hands were positioned. Officer Zapolski had also searched his cruiser at 10:00 p.m., the beginning of his shift. The incident at issue occurred around 11:00 p.m. Officer Zapolski testified that no one entered his cruiser during the hour prior to Appellant's arrival and no one else had access to his cruiser prior to his shift.
 {¶ 20} Officers Soto and Casselman testified regarding Officer Casselman's failure to detect a firearm during his pat down of Appellant. Officer Soto explained that Officer Casselman likely missed the firearm during his pat down because Appellant was dressed in very baggy jeans that tended to bunch up during the pat down, inhibiting detection of a firearm. Officer Casselman testified that he did not check Appellant's groin area during the pat down.
 {¶ 21} Donna Rose, a forensic scientist employed with the Bureau of Criminal Identification and Investigation ("BCI"), who frequently conducts tests to detect gunshot residue, testified regarding her analysis of samples taken from Appellant. Rose testified that the samples indicated the presence of gunshot residue on Appellant's left hand which is consistent with Appellant discharging a firearm, having been in the vicinity when a firearm was discharged or having handled an item which contained gunshot residue.
 {¶ 22} Upon consideration of this evidence, we find that a reasonable juror could have determined that Appellant concealed the firearm in his groin area, an area that Officer Casselman failed to pat down prior to Appellant's placement in Officer Zapolski's cruiser, and then disposed of the firearm while detained in Officer Zapolski's cruiser. We are persuaded by the evidence that the gun was discovered in Officer Zapolski's cruiser immediately after Appellant's departure from the vehicle and that no one else had access to the cruiser prior to Appellant's arrival in the vehicle. Consequently, we find that the jury did not lose its way in finding Appellant guilty of carrying a concealed weapon. This finding compels the conclusion that the jury did not lose its way in convicting Appellant of the firearm specifications and thereby finding that Appellant had a firearm on his person while committing these offenses. Because we have already determined that Appellant was under a disability at the time of the incidents at issue herein, we also find that the jury did not lose its way in determining that Appellant was also guilty of possessing a firearm while under disability.
 {¶ 23} Appellant was also convicted under R.C. 2921.12, which prohibits tampering with evidence and provides:
"(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
"(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]"
 {¶ 24} Because we have determined that the firearm recovered from the back seat of Officer Zapolski's vehicle belonged to Appellant, we find that the trial court could reasonably determine that Appellant placed the firearm under the seat to evade its detection by the officers. We therefore find that the trier of fact did not lose its way in convicting Appellant of tampering with evidence.
 {¶ 25} Appellant additionally contests his conviction for obstruction of official business. However, Appellant has failed to present arguments in support of this contention. An appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App.R. 16(A)(7); Loc.R. 7(A)(7). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremerv. Cox (1996), 114 Ohio App.3d 41, 60. Because Appellant has failed to present arguments in support of his challenge to his convictions for obstructing official business, we decline to address it. We overrule Appellant's third assignment of error.
 III. {¶ 26} Appellant's three assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Reece, J. Concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] The State's introduction of this evidence would only be limited by Evid. R. 403. Evid. R. 403 (A) provides:
"Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
Evid. R. 403(B) provides:
"Exclusion discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."