**[Cite as *State v. Clark*, 2020-Ohio-1178.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

DEREK A. CLARK

    Appellant

C.A. No.    18AP0056

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2018 TRC-C 000372

DECISION AND JOURNAL ENTRY

Dated: March 30, 2020

TEODOSIO, Presiding Judge.

{¶1} Defendant-Appellant, Derek Clark, appeals from his convictions in the Wayne County Municipal Court. This Court affirms.

I.

{¶2} Sometime before 3:00 a.m., Mr. Clark struck a cable barrier on Interstate 71. The trooper who responded to the scene of the accident observed that Mr. Clark exhibited multiple signs of impairment, including an unsteady gait, slurred speech, and bloodshot, glassy eyes. A strong odor of alcohol was also coming from his breath, and he admitted that he had consumed at least a few alcoholic beverages. Mr. Clark refused to submit to any field sobriety testing, and, after he was transported to the hospital, he refused to undergo any chemical testing. The trooper also discovered that Mr. Clark had two prior convictions for operating a vehicle under the influence of alcohol ("OVI").

{¶3}    As a result of the foregoing incident, Mr. Clark was charged with (1) OVI, in violation of R.C. 4511.19(A)(1)(a); (2) OVI, in violation of R.C. 4511.19(A)(2); and (3) failure to control, in violation of R.C. 4511.202.  The matter proceeded to trial, and a jury found him guilty on all counts.  The court then merged his OVI convictions as allied offenses of similar import and sentenced him to community control, a fine, and a license suspension.

{¶4}    Mr. Clark now appeals from his convictions and raises three assignments of error for review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE OF OHIO TO INTRODUCE EVIDENCE AT TRIAL OF MR. CLARK'S PRIOR OVI CONVICTIONS.

{¶5}    In his first assignment of error, Mr. Clark argues that the trial court erred when it allowed the State to introduce his prior OVI convictions in its case-in-chief.  He argues that his convictions were only relevant for sentencing enhancement purposes and their admission as substantive evidence of his guilt deprived him of a fair trial.  Upon review, we reject his argument.

{¶6}    "The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule."  *State v. Allen*, 29 Ohio St.3d 53, 55 (1987).  Even so, "[w]hen a prior conviction is an element of the charged offense, it may be admitted into evidence for the purpose of proving that element."  *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, ¶ 13.  "Neither the [S]tate nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction."  *State v. Smith*, 68 Ohio App.3d 692, 695 (9th Dist.1990).

{¶7} R.C. 4511.19(A)(1)(a) and 4511.19(A)(2) both set forth OVI offenses, but the essential elements of each offense are distinct. To secure a conviction under subdivision (A)(1)(a), the State need only prove that a person operated a vehicle while under the influence of alcohol. *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, ¶ 13. A prior OVI conviction is "a sentencing consideration for the court," but not an essential element of the offense. *Allen* at 55. Conversely, to secure a conviction under subdivision (A)(2),

> the State must prove: (1) the defendant was operating a vehicle within the state while under the influence of alcohol or drugs; (2) the defendant refused to submit to a chemical test; and (3) the defendant had been convicted or pleaded guilty to OVI within the past twenty years.

*State v. Adams*, 9th Dist. Medina No. 13CA0008-M, 2013-Ohio-4258, ¶ 15. Thus, a prior conviction is an essential element of the offense that must be proven by the State beyond a reasonable doubt. *See id.*; *Smith* at 695.

{¶8} Mr. Clark had two prior OVI convictions within the last ten years, and the State introduced those convictions at trial. He argues that he was prejudiced by their admission because, under R.C. 4511.19(A)(1)(a), those convictions should only have been considered for purposes of sentencing. Yet, Mr. Clark was charged with violating R.C. 4511.19(A)(1)(a) *and* 4511.19(A)(2). To secure his conviction under subsection (A)(2), the State was required to prove that he had a prior OVI conviction within the past twenty years. *See Adams* at ¶ 15. Moreover, the State was not required to accept his stipulation to the existence of that prior conviction. *See Smith* at 695. Notably, Mr. Clark has not argued that he was prejudiced by the admission of two prior convictions when evidence of one might have sufficed. *Compare Adams* at ¶ 16. His argument is strictly that the court erred by admitting any evidence of his prior convictions in the guilt phase of his trial. Because proof of a prior conviction was an essential element of the State's case under R.C. 4511.91(A)(2), his argument lacks merit. His first assignment of error is overruled.

**ASSIGNMENT OF ERROR TWO**

THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE TROOPER'S TESTIMONY TO INCLUDE INADMISSIBLE HEARSAY.

{¶9} In his second assignment of error, Mr. Clark argues that the trial court abused its discretion when it admitted certain hearsay statements at trial. Because he has not demonstrated material prejudice as a result of the admission of those statements, we reject his argument.

{¶10} Admissibility determinations under the evidentiary rules fall within the sound discretion of the trial court. *See State v. Campbell*, 9th Dist. Summit No. 24668, 2010-Ohio-2573, ¶ 26. Thus, this Court generally reviews those determinations for an abuse of discretion. *State v. Irvine*, 9th Dist. Summit No. 28998, 2019-Ohio-959, ¶ 22. A trial court may be found to have abused its discretion if it rules in an unreasonable, arbitrary, or unconscionable manner. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Yet, even if the court abuses its discretion in an admissibility determination, that conclusion, standing alone, will not automatically result in a reversal. *See, e.g., State v. Pitts*, 9th Dist. Medina No. 17CA0060-M, 2018-Ohio-3216, ¶ 15. "To secure a reversal, a defendant must show both that the court abused its discretion and 'that he was "materially prejudiced" by [its] evidentiary ruling.'" *Irvine* at ¶ 22, quoting *State v. Ivery*, 9th Dist. Summit No. 28551, 2018-Ohio-2177, ¶ 23, quoting *State v. Martin*, 19 Ohio St.3d 122, 129 (1985).

{¶11} Trooper Steven Hill was dispatched to the scene of the accident that Mr. Clark caused while driving northbound on Interstate 71. He testified that several employees from the Ohio Department of Transportation ("ODOT") were already on scene when he arrived and speaking with Mr. Clark. Immediately after he arrived, one of those employees approached him and spoke with him about Mr. Clark. The trooper was permitted to testify, over objection, that the employee said Mr. Clark "reeked of alcohol" and was "really drunk." Mr. Clark argues that the court should have excluded those statements, as they constituted inadmissible hearsay. He argues

that he was substantially prejudiced by their admission because there was otherwise "little evidence" of his level of impairment.

{¶12} Even assuming the trial court erred by admitting the foregoing testimony, the record reflects that Mr. Clark cannot demonstrate material prejudice as a result of its admission. *See Irvine* at ¶ 22, quoting *Ivery* at ¶ 23, quoting *Martin* at 129. Trooper Hill testified that he interacted with Mr. Clark at the scene, as well as at the hospital after Mr. Clark was transported there. He testified that Mr. Clark was stumbling and unsteady on his feet, had a strong odor of alcoholic beverage coming from his breath, and was exhibiting bloodshot and glassy eyes, "slow lethargic movements," and "thick slurred speech." Mr. Clark's handwriting was almost entirely illegible when Trooper Hill asked him to write out a statement. Further, when he asked Mr. Clark how impaired he felt on a scale of one to ten, with ten being the most impaired, Mr. Clark responded, "'I'm good man, eight in a half to nine.'" Trooper Hill testified that he "believed a hundred percent [Mr. Clark] was too intoxicated to operate a vehicle." Further, the jury heard testimony that Mr. Clark caused the accident herein on a clear, dry roadway, that he admitted to drinking at least a few alcoholic beverages before he started driving, that he refused to participate in any field sobriety testing or chemical testing, and that he had two prior OVI convictions. The State, therefore, presented a wealth of evidence in support of his convictions. Upon review, Mr. Clark has not shown that, but for the admission of the ODOT employee's statements, the result in this matter would have been different. *See Irvine* at ¶ 22, quoting *Ivery* at ¶ 23, quoting *Martin* at 129. Accordingly, his second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

> DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A MOTION IN LIMINE. APPELLANT WAS PREJUDICED BY COUNSEL'S DEFICIENT PERFORMANCE SUCH THAT HE WAS DEPRIVED OF A FAIR TRIAL.

{¶13} In his third assignment of error, Mr. Clark argues that he received ineffective assistance of counsel. Specifically, he argues that his counsel was ineffective for failing to file two motions in limine. This Court disagrees.

{¶14} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, one must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

{¶15} Mr. Clark argues that he received ineffective assistance of counsel for two reasons. First, he argues that his counsel should have filed a motion in limine to exclude the evidence of his two prior convictions. Because those convictions were only relevant for sentencing enhancement purposes, Mr. Clark argues, he was prejudiced by their admission as substantive evidence of his guilt. Second, he argues that his counsel should have filed a motion in limine to prevent Trooper Hill from testifying that an ODOT employee said Mr. Clark "reeked of alcohol" and was "really drunk." He asserts that, had his counsel filed that motion, there is a reasonable probability that the result in this matter would have been different.

{¶16} As previously noted, Mr. Clark was charged with a violation of R.C. 4511.19(A)(2), so his prior convictions were not merely relevant for sentencing enhancement purposes. The State

had to prove that he had a prior OVI conviction in the last twenty years as an essential element of its case. *See Adams*, 2013-Ohio-4258, at ¶ 15. Thus, at least one of his prior convictions was admissible as substantive evidence of his guilt. Mr. Clark has not shown that, had his attorney filed a motion in limine to exclude his prior convictions,[1] the trial court would have granted that motion. *See Bradley* at paragraph three of the syllabus.

{¶17} Mr. Clark also has not shown that he sustained prejudice when his attorney failed to file a motion in limine regarding the ODOT employee's statements. The record reflects that his attorney objected to those statements when the State sought to elicit them, but the trial court overruled the objection. Further, apart from those statements, the State produced a wealth of evidence in support of Mr. Clark's convictions. *See* Discussion, *supra*. Upon review, Mr. Clark has not shown that a timely filed motion in limine would have changed the result herein. *See id.* As such, his third assignment of error is overruled.

III.

{¶18} Mr. Clark's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

---

[1] We would note that defense counsel did attempt to stipulate to Mr. Clark's prior convictions to lessen the prejudicial effect of their admission, but the State refused to accept the stipulation. *See Smith*, 68 Ohio App.3d at 695.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

RYAN D. INGRAM, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.