OPINION
{¶ 1} On April 30, 2004, Ohio State Highway Patrol Trooper Adam Burkhart stopped appellant, James Bemiller, after observing him operate his motor vehicle at a high rate of speed. The vehicle had also drifted left of center and then back into the proper lane of travel. Upon investigation, Trooper Burkhart conducted field sobriety tests. Appellant was subsequently charged with driving under the influence in violation of R.C. 4511.19, speeding in violation of R.C. 4511.21 and failure to wear a seat belt in violation of R.C. 4513.263.
 {¶ 2} On August 9, 2004, appellant filed a motion to suppress and/or limit the use of evidence, claiming illegal stop and arrest. A hearing was held on September 2, 2004. At the conclusion of the hearing, the trial court denied the motion.
 {¶ 3} On November 12, 2004, appellant pled no contest to the charges. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to thirty days in jail.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED WHEN IT RESTRICTED COUNSEL FOR DEFENDANT DURING CROSS-EXAMINATION OF THE ARRESTING OFFICER, DICTATING WHAT QUESTIONS TO ASK AND HOW TO ASK THEM, ULTIMATELY REQUIRING THE USE OF ONLY LEADING QUESTIONS, WHICH DEPRIVED THE DEFENDANT FROM HIS CONSTITUTIONAL RIGHTS REGARDING REPRESENTATION AND EFFECTIVE CROSS-EXAMINATION OF WITNESSES AGAINST HIM."
 II {¶ 6} "FURTHER, THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS AND/OR LIMIT THE USE OF EVIDENCE BECAUSE THE STATE FAILED TO DEMONSTRATE BY CLEARING AND CONVINCING EVIDENCE THAT THE OFFICER SUBSTANTIALLY COMPLIED WITH THE NHTSA RULES AND REGULATIONS AS IT RELATED TO THE ADMINISTRATION OF THE FIELD SOBRIETY TESTS TO THE DEFENDANT."
 III {¶ 7} "MOREOVER, THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE OF OHIO, REPRESENTED BY THE CITY LAW DIRECTOR'S OFFICE, TO INTRODUCE EVIDENCE AFTER THE STATE RESTED IT'S CASE AND THE EVIDENCE WAS REFERRED TO AND RELIED UPON BY THE COURT IN IT'S DECISION TO OVERRULE DEFENDANT'S MOTION."
 {¶ 8} Appellant's three assignments of error challenge the trial court's ruling that there was probable cause to stop and arrest him.
 {¶ 9} In Terry v. Ohio (1968), 392 U.S. 1, 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 I {¶ 10} Appellant claims the trial court's interruption of defense counsel's cross-examination denied him the right of effective cross-examination. We disagree.
 {¶ 11} "Cross-examination of a witness is a matter of right, but the `extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court.'" State v.Green (1993), 66 Ohio St.3d 141, 147, quoting Alford v. United States
(1931), 282 U.S. 687, 691. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 12} Appellant argues the trial court interrupted defense counsel's cross-examination of Trooper Burkhart, and did not permit defense counsel to delve into the deficiencies by Trooper Burkhart regarding the giving of instructions and field sobriety tests.
 {¶ 13} The trial court did interrupt the flow of cross-examination, cautioning defense counsel that it would consider either the videotape of the stop and arrest or Trooper Burkhart's direct testimony. September 2, 2004 T. at 42-45. The trial court cautioned against a regurgitation of the whole incident vis-á-vis the videotape. Id. The trial court opined the videotape "speaks for itself." Id. at 43. The trial court also instructed defense counsel on how to ask about the standards set forth in the National Highway Traffic and Safety Administration (hereinafter "NHTSA") manual. Id. at 55.
 {¶ 14} Apart from these dialogues, there is nothing in the record to demonstrate via a proffer what other information defense counsel may have wanted to present but was unable to. Without a proffer, we are unable to determine whether appellant suffered any due prejudice from any alleged error.
 {¶ 15} Despite the interruption in the flow of cross-examination, we find defense counsel was given ample time to cross-examine Trooper Burkhart. We find any alleged deficiencies of the testing procedures were in fact presented.
 {¶ 16} Upon review, we find the trial court did not abuse its discretion.
 {¶ 17} Assignment of Error I is denied.
 II, III {¶ 18} These assignments of error challenge the trial court's decision that there was substantial compliance with the NHTSA standards, and the prosecutor's reference to the NHTSA standards during closing argument. We disagree.
 {¶ 19} Appellant argues the burden to show by clear and convincing evidence that the NHTSA standards have been complied with lies with the state. R.C. 4511.19(D)(4)(b). As part of this burden, appellant argues an officer's report must support that the standards were complied with and/or what the standards are.
 {¶ 20} Trooper Burkhart stated he performed the field sobriety tests in "strict accordance" with the NHTSA standards. September 2, 2004 T. at 15, 21, 48, 49-50, 52. Appellant argues these references are insufficient to establish that the tests were given following the NHTSA standards. We disagree.
 {¶ 21} In State v. Ryan, Licking App. No. 02-CA-00095, 2003-Ohio-2803, this court adopted the view of State v. Nickelson (July 20, 2001), Huron App. No. H-00-036, wherein our brethren from the Sixth District found there must be some evidence that the field sobriety tests were conducted according to the NHTSA standards. However, we opined that once the state produced evidence of compliance with the standards, introduction of the NHTSA manual was not required. We refused to adopt the principle that the state was required to introduce the NHTSA manual. Therefore, in the evidence sub judice, we find clear and convincing testimony that the NHTSA standards were substantially complied with by Trooper Burkhart.
 {¶ 22} Appellant presented some evidence of an extra instruction and demonstration during the "one-leg stand" test. Although this additional instruction is not in the standards, it does not negate the finding of substantial compliance.
 {¶ 23} The reference and arguments to the manual during closing argument are not evidence and under our decision in Ryan, are superfluous.
 {¶ 24} Assignments of Error II and III are denied.
 {¶ 25} The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court of Richland County, Ohio is affirmed.