{¶ 28} While I concur with the majority's conclusion that the totality of the circumstances established probable cause to arrest Duncan for OVI, I respectfully disagree with the majority's conclusion that "the court erred by failing to suppress the results of the field sobriety test." The majority states that "the state did not submit a written copy of the NHTSA standards nor did they lay a proper foundation for Patrolman Spakes' familiarity with and his substantial compliance with NHTSA or any other guideline."
 {¶ 29} In the instant case, appellee is not required to introduce a copy of the NHTSA manual. The Second and Twelfth Appellate Districts in Ohio have held that, under certain circumstances, a court may take judicial notice of the manual and its standards governing field sobriety testing procedures, pursuant to Evid.R. 201, since the "standards are not subject to reasonable dispute." State v. Stritch, 2nd Dist. No. 20759,2005-Ohio-1376, at ¶ 16; State v. Wells, 2nd Dist. No. 20798,2005-Ohio-5008, at ¶ 32; State v. Frazee, 12th Dist. No. CA2004-07-085, 2005-Ohio-3513, at ¶ 19. Other appellate courts which have directly addressed this issue have likewise held that the introduction of NHTSA manual by the prosecution is not necessary where testimony establishes that the arresting officer substantially complied with the NHSTA guidelines. See State v.Ryan, 5th Dist. No. 02-CA-00095, 2003-Ohio-2803, at ¶¶ 19-20;State v. Bemiller, 5th Dist. No. 04CA0109, 2005-Ohio-4404, at ¶¶ 19-21 (after adducing testimony that an officer performed field sobriety tests in accordance with his training and consistent with NHSTA standards, introduction of the manual by the prosecution is not necessary).
 {¶ 30} Here, Officer Spakes' extensive testimony established that he was trained in accordance with NHSTA guidelines, and certified to perform the HGN and, one-legged stand and walk-and-turn tests out in the field. In addition, Spakes testified that he conducted the tests as he was trained and certified to administer, and also gave extensive testimony as to how the three tests were conducted, as well as Duncan's performance on each test. Accordingly, the State satisfied its burden in demonstrating that Officer Spakes substantially complied with NHSTA guidelines without introduction of the manual into evidence, and the burden shifted to the defense to impeach Spakes' testimony. State v. Powers, 6th Dist. No. L-04-1210,2005-Ohio-5737, at ¶¶ 20-21. Since Duncan failed to sustain his burden to impeach, the trial court properly found, based upon Officer Spakes' unrebutted testimony, that the tests were conducted in substantial compliance with the NHTSA guidelines.
 {¶ 31} Appellant's assignment of error lacks merit, and the judgment of the trial court should be affirmed on all grounds.