OPINION
{¶ 1} Appellant, Karen L. May, appeals from the judgment of the Ashtabula Court of Common Pleas following a jury trial convicting her of driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1) and (G)(1)(e), a third degree felony. We affirm.
 {¶ 2} On April 22, 2004, at approximately 7:00 p.m., appellant was driving northbound when her vehicle was "rear-ended" by another northbound motorist. Shortly thereafter, officers from the Ohio State Highway Patrol responded to the scene. Sergeant Chad Bass approached appellant, who was seated in the driver's seat of her vehicle, to obtain her driver's license, registration, and proof of insurance. While engaging appellant, Sergeant Bass noticed a strong odor of alcoholic beverage projecting from appellant. Bass further noted appellant slurred her words and was "fumbling around for the information" he requested.
 {¶ 3} Trooper Tye Tyson was advised by Sergeant Bass of the odor of alcohol emanating from appellant. Trooper Tyson approached appellant's vehicle and invited her to join him in his cruiser to obtain a statement regarding the accident. Tyson testified appellant exhibited a lack of balance as she walked from her truck to his cruiser. Further, while sitting next to appellant, Trooper Tyson noticed a "strong odor of alcoholic beverage" about appellant's person. Tyson also observed appellant had "red, glassy, bloodshot eyes" and "severely slurred speech." Moreover, appellant's responses to Tyson's questions were sometimes "incoherent."
 {¶ 4} Suspecting appellant was impaired, Trooper Tyson administered the Horizontal Gaze Nystagmus and Walk and Turn field sobriety tests. Tyson elected not to administer the One-Leg stand test owing to appellant's ostensible lack of balance. Appellant was subsequently arrested for driving under the influence.
 {¶ 5} On July 9, 2004, appellant was indicted for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (G)(1)(e), a felony of the third degree. Appellant pled not guilty to the charge. A jury trial commenced on October 14, 2004 after which appellant was found guilty. On January 31, 2005, appellant was sentenced to a three year term of incarceration, a three year license suspension, and fined $800.
 {¶ 6} Appellant now appeals and asserts two assignments of error for our review. Appellant's first assignment of error queries:
 {¶ 7} "Did the trial court err in denying the defendant/appellant's pretrial motion in limine with respect to the defendants willingness to enter into a stipulation to her prior felony conviction raising the level of the offense to a felony three in lieu of any evidence of a prior felony driving under the influence charge presented to the court which by its very nature is so highly prejudicial that any probative value is outweighed by its prejudicial effect[?]"
 {¶ 8} Appellant argues the trial court erred in denying her motion in limine which sought to prevent the prosecution from introducing evidence of her prior felony DUI conviction. Appellant contends, in light of her willingness to stipulate to her prior conviction, the state was not required to prove this element. We do not agree.
 {¶ 9} The denial of a motion in limine is typically a matter within the trial court's discretion. State v. Werfel, 11th Dist. Nos. 2002-L-101 and 2002-L-102, 2003-Ohio-6958, at ¶ 64. However, "[w]hen a prior conviction elevates the degree of an offense * * *, the prior conviction is an essential element and must be proved as a matter of fact." State v. Flasck (Dec. 29, 2000), 11th Dist. No. 99-T-0173, 2000 Ohio App. LEXIS 6229, at 4, citing, State v. Allen (1987), 29 Ohio St.3d 53, at syllabus. As such, in a prosecution for felony DUI under R.C. 4511.19 and R.C. 4511.99, evidence of a party's prior conviction must be presented to the jury during the guilt phase of the trial and the trial court is without discretion to block its admission.Flasck, supra, at 4.
 {¶ 10} In a criminal prosecution, the state must offer proof necessary to convince the jury, beyond a reasonable doubt, of the existence of every element of an offense. In re Winship (1970),397 U.S. 358, 364. To meet its burden of persuasion, the state must put forth adequate evidence on each element to "`impress
upon the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.'" Id. When a prior conviction is an element of an offense, the state must prove that offense beyond a reasonable doubt. See, e.g., Flasck, supra, at 9. Even where a defendant stipulates to a prior conviction, the jury must nevertheless make a factual finding concerning the prior conviction where the conviction is an element of the indicted offense. State v. Morgan (Nov. 8, 2001), 8th Dist. No. 79153, 2001 Ohio App. LEXIS 4996, at 6. Accordingly, neither the state nor the trial court must accept a defendant's stipulation as to the existence of the conviction. Flasck, supra; State v.Smith (1990), 68 Ohio App.3d 692, 695; see, also, State v.Mulhern, 4th Dist. No. 02CA565, 2002-Ohio-5982, at ¶ 25;Morgan, supra; State v. Weible (Mar. 15, 1989), 9th Dist. No. 13754, 1989 Ohio App. LEXIS 869, at 4. In fact, this court and the Eighth Appellant District have found reversible error where a trial court has allowed a defendant to stipulate to the existence of a prior conviction thereby depriving the state of its opportunity to prove the prior conviction as an element of the subject offense. See, Flasck, supra.; see, also, Morgan,
supra.
 {¶ 11} In her motion in limine, appellant sought to stipulate, for purposes of sentencing, that the instant offense would be a felony of the third degree if she were convicted. However, as indicated above, the state was required to prove the prior offense as an element of its case irrespective of appellant's proposed stipulation to the degree of the felony. Accordingly, we hold the trial court did not err in denying appellant's motion in limine and properly overruled her objections to the introduction of the evidence of appellant's past conviction.
 {¶ 12} The foregoing analysis and authority notwithstanding, we still appreciate appellant's concerns regarding the potential prejudicial impact of the introduction of a past conviction. The trial court was similarly aware and therefore provided the jury with a limiting instruction regarding the purpose of the evidence. The trial court stated:
 {¶ 13} "Evidence was received that the defendant was convicted of a felony offense of Operating a Motor Vehicle While Under the Influence of Alcohol. That evidence was received because a prior conviction is an element of the offense charged. It was not received, and you may not consider it, to prove the character of the defendant in order to show that she acted in accordance with that character."
 {¶ 14} The state was required to submit evidence at trial regarding appellant's past conviction for felony DUI in order to obtain a conviction on the indicted offense. As a result, the trial court did not err in denying appellant's motion in limine. That said, the trial court did not simply permit the jury to hear the evidence of appellant's past conviction without guidance. Rather, recognizing that the logical effect of such information is to incite the jury to convict based upon past misconduct, the court provided a salutary instruction in order to properly restrict the jury's attention to the offense at hand. The evidence of appellant's past conviction was properly admitted and, through its limiting instruction, the trial court appropriately curbed the possibility of prejudice which might otherwise flow from such an admission.
 {¶ 15} Appellant's first assignment of error lacks merit.
 {¶ 16} Appellant's second assignment of error asserts:
 {¶ 17} "The trial court erred in applying the `substantial compliance' standard to the officers [sic] trial testimony regarding field sobriety testing by adhering to the standard enunciated under the new statutory standard of `substantial compliance' which is on its face an unconstitutional intrusion by the legislature on the supreme court's power to promulgate rules of evidence. Further the trial court erred in allowing the officer's trial testimony based on the evidence presented in the voir dire of the witness outside the presence of the jury."
 {¶ 18} Under her second assignment of error, appellant first argues R.C. 4511.19(B)(4)(b), the statute modifying the standard of admissibility for field sobriety tests from strict compliance to substantial compliance, violates Ohio's Constitution. Appellant's argument can be summarized as follows: State v.Homan, 89 Ohio St.3d 421, 2000-Ohio-212, established a standard for the admissibility of evidence regarding field sobriety tests, viz., strict compliance with NHTSA guidelines. Under the Ohio Constitution, the Ohio Supreme Court possesses exclusive power to promulgate evidentiary rules of procedure in its courts. See, Section 5, Article IV of the Ohio Constitution. However, when the legislature enacted R.C. 4911.19(D)(4)(b), it reduced the standard of admissibility of field sobriety tests to substantial compliance with NHTSA standards. In doing so, the General Assembly violated the doctrine of separation of powers by impermissibly encroaching upon the exclusive rule making authority of the judiciary.
 {¶ 19} All statutes enacted by the General Assembly are presumed valid and constitutional. R.C. 1.47(A); see, also,State v. Thompkins, 75 Ohio St.3d 558, 560, 1996-Ohio-264. Accordingly, when examining a statute, a court is bound to afford the act a constitutional construction if one is reasonably available. United Air Lines, Inc. v. Porterfield (1971),28 Ohio St.2d 97. The party challenging the constitutionality of a statute bears the heightened burden of proving his or her position beyond a reasonable doubt. Woods v. Telb,89 Ohio St.3d 504, 511, 2000-Ohio-171.
 {¶ 20} We have previously addressed and rejected the instant constitutional challenge in State v. Boczar, 11th Dist. No. 2004-A-0063, 2005-Ohio-6910. In Boczar, we held Homan was not enacted pursuant to the Supreme Court's exclusive rule making authority under the constitution, but rather was "a holding which addressed an issue related to the admissibility of evidence * * *." Id. at ¶ 41. Moreover, we pointed out that there was (and is) no evidentiary rule relating to the standard of admissibility for field sobriety tests within the Ohio Rules of Evidence before or subsequent to the enactment of R.C.4511.19(D)(4)(b). With this in mind, we determined:
 {¶ 21} "The rules of evidence are not a jointly exhaustive list governing evidentiary questions; rather, when no actual conflict is created, `"`a specific statute can govern the admissibility of evidence rather than the rules of evidence.'"' * * * We therefore conclude that S.B. 163 simply replaced the standard of admissibility announced in Homan which had not been codified into a rule of evidence." Id. at ¶ 42. (Internal citations omitted.)
 {¶ 22} Pursuant to our holding in Boczar, we now hold appellant has failed to prove, beyond a reasonable doubt, R.C.4511.19(D)(4)(b) is unconstitutional. In this respect, appellant's argument lacks merit.
 {¶ 23} This conclusion notwithstanding, appellant argues the state nevertheless failed to demonstrate Trooper Tyson complied with any particular standards when performing the field sobriety tests in question. According to appellant, the prosecution failed to establish the specific standard(s) with which Patrolman Tyson substantially complied. Without this testimony, appellant concludes, the state failed to meet its burden under R.C.4511.19(D)(4)(b).
 {¶ 24} R.C. 4511.19(D)(4)(b) provides in relevant part:
 {¶ 25} "In any criminal prosecution * * * for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 {¶ 26} "(i) The officer may testify concerning the results of the field sobriety test so administered.
 {¶ 27} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution * * *.
 {¶ 28} "(iii) If testimony is presented or evidence is introduced under (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."
 {¶ 29} A necessary precondition for an officer testifying concerning the results of field sobriety tests or the introduction of the results into evidence is substantial compliance with any testing standards set by the NHTSA. A trial court must accordingly determine, before the evidence is admitted, whether the results were obtained in substantial compliance with the standards of the NHTSA.
 {¶ 30} At trial, the jury was removed and the court conducted a brief hearing to determine the admissibility of Trooper Tyson's testimony regarding his administration of the field sobriety tests. During this hearing, Trooper Tyson testified he conducted the tests in substantial compliance with his police training and the procedures in "the manual." On cross-examination, defense counsel queried:
 {¶ 31} "Q. Officer, you opined twice you were in substantial compliance. What is substantial compliance?
 {¶ 32} "A. Sir, substantial compliance is determined by whether or not we follow the guidelines that are set forth by the National Highway Safety Traffic Administration Manual which requires us to maintain the sobriety tests within certain guidelines."
 {¶ 33} Trooper Tyson further testified, on the night in question, he administered the Horizontal Gaze Nystagmus Test and the Walk and Turn Test.[1] He elaborated on what constituted compliance pursuant to the NHTSA manual and testified that he substantially complied with these procedures. After hearing the testimony, the court ruled the trooper substantially complied with the proper administration of the tests. Accordingly, Trooper Tyson was permitted to testify regarding the results of the tests.
 {¶ 34} In Boczar, we stated that, in a DUI prosecution which utilizes field sobriety test evidence, the state must submit "`some evidence that the field sobriety tests were conducted according to the NHTSA standards.'" Id. at ¶ 45, citing, State v. Bemiller, 5th Dist. No. 04CA0109,2005-Ohio-4404, at ¶ 21; see, also, State v. Nickelson (July 20, 2001), 6th Dist. No. H-00-036, 2001 Ohio App. LEXIS 3261;State v. Ryan, 5th Dist. No. 02-CA-00095, 2003-Ohio-2803, at ¶ 25. Pursuant to the foregoing, we believe the state put forth clear and convincing evidence during the "admissibility hearing" to show Trooper Tyson administered the tests in substantial compliance with the NHTSA manual's standards. Appellant's second assignment of error is without merit.
 {¶ 35} For the reasons set forth above, appellant's two assignments of error are without merit and the judgment of the Ashtabula Court of Common Pleas is therefore affirmed.
Grendell, J., concurs, O'Neill, J., dissents.
[1] Trooper Tyson testified he did not administer the one-leg stand test because he feared appellant did not possess adequate balance under the circumstances. Tyson testified: "We're trained in the Academy, if it's going to risk the safety of the subject that you're doing the test with, then you need to use your better judgment." The trooper believed, under these circumstances, if he administered the one leg stand test, appellant would fall over and potentially harm herself.