DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas granting appellee's motion in limine to exclude evidence or testimony that appellee is the "putative other natural parent" of a child for the purposes of domestic violence charges. Because we conclude that the trial court properly granted appellee's motion in limine, we affirm. *Page 2 
 {¶ 2} Appellee, William E. Crawford, Jr., was indicted on a charge of domestic violence. The charges were based upon an incident involving Michelle F. and her minor child. Michelle, the alleged victim, is married, the child was born during the marriage, and her husband is listed on the birth certificate as the father of the minor child. At Michelle's request, however, no DNA testing was done. Nevertheless, the state proceeded anyway, alleging that appellee was the "putative other natural parent." To establish appellee as a "family member," the state sought to introduce Michelle's testimony that she believed appellee to be the biological father of the child.
 {¶ 3} Appellee filed a motion in limine to exclude Michelle's testimony, arguing that the child had a legally designated father, Michelle's husband, who was not disputing this relationship. The court granted the motion in limine, stating that Michelle would not be permitted to testify that appellee could be the father of her child. The state now appeals that ruling, arguing the following sole assignment of error:
 {¶ 4} "The trial court erred by refusing to permit the victim of a domestic violence offense to truthfully identify the `putative other natural parent,' thereby vacating one of the statutory definitions of a `family or household member.'"
 {¶ 5} A motion in limine is essentially a request to limit or exclude evidence or testimony at trial. State v. Winston (1991),71 Ohio App.3d 154, 158.
 {¶ 6} Therefore, the standard of review on appeal of the grant of a motion in limine is whether the trial court abused its discretion. SeeState v. Graham (1979), 58 Ohio St.2d 350; State v. May, 11th Dist. No. 2005-A-0011, 2006-Ohio-3406. Abuse of *Page 3 
discretion means more than an error of law or of judgment and implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} R.C. 2919.25(A), the domestic violence statute, provides that "no person shall knowingly cause or attempt to cause physical harm to a family or household member." A "family or household member" includes "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b). R.C. 3111.03(A) provides, in pertinent part, that a "man is presumed to be the natural father of a child * * * [t]he man and the child's mother are or have been married to each other, and the child is born during the marriage * * * [or] an acknowledgement of paternity has been filed * * *."
 {¶ 8} The presumption of paternity found in R.C. 3111.03 was created by the legislature for the benefit and protection of the children of the marriage from the stigma of illegitimacy. See Hamilton v. Burke (Feb. 7, 1990), 4th Dist. No. 89 CA 6. The presumption that arises under this section "can only be rebutted by clear and convincing evidence that includes the results of genetic testing * * *." R.C. 3111.03(B). See, also, Hulett v. Hulett (1989), 45 Ohio St.3d 288. Thus, in an appropriate case, the presumption may be challenged, such as in a divorce case when a husband is faced with supporting another man's child, or when a putative father wishes to assert parental rights, or when the mother of a child, presumed to be issue of a marriage, wishes to establish paternity of a man who was not her husband when the child was conceived and born. In those cases, *Page 4 
however, the goal is still the support and protection of the children, despite the possible determination of "illegitimacy."
 {¶ 9} In this case, in order to charge appellee under the domestic violence statute, the state desired to allege that he was the putative, i.e., alleged, natural father of Michelle's child. In other words, even though mother's husband is presumed to be and is legally designated as the child's father, the state wished to charge and prove appellee's guilt by the mere allegations of the mother that there was a possibility that appellee might be the child's father.
 {¶ 10} "Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. * * *" R.C. 2901.05(A). Since appellee is presumed innocent, it would be the state's burden to prove all the elements of the domestic violence charge, including that appellee is a "family member." Without DNA testing, the state cannot overcome the presumption created by R.C. 3111.03 and appellee's status as a "family member" could not be proven beyond a reasonable doubt.
 {¶ 11} Under the state's theory, however, based on an "allegation of an allegation," the burden would be impermissibly shifted to appellee who would be required to submit to DNA testing in order to prove his innocence. We have been unable to find a single case supporting the state's theory or its interest in pursuing a charge which would require a child to be deemed illegitimate, when the mother, the presumptive natural father, and the alleged putative natural father do not wish to disturb the presumption created by *Page 5 
R.C. 3111.03. The only party desiring to disturb the designation of parentage of the child was the state.
 {¶ 12} In our view, the language of R.C. 3111.03 logically applies to designate a "putative other natural parent" only when that parent has not otherwise been legally declared, either by marriage, birth certificate, paternity acknowledgement or proceedings, or when a presumed "natural" parent wishes to dispute paternity. Michelle and her husband did not want to disturb the presumption that the husband was the child's natural father, and a child cannot legally have two "natural" fathers. Therefore, since Michelle's husband is the undisputed natural father, then appellee cannot be a "putative" natural father.
 {¶ 13} With the certainty and accuracy that DNA testing provides, mere testimony by the mother that appellee could be the father is simply inadmissible in this case. Therefore, we cannot say that the trial court abused its discretion in granting the motion in limine.
 {¶ 14} The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant, state of Ohio, is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1