[Cite as *State v. Allah*, 2015-Ohio-5060.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA12 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| BARSEEM K. ALLAH, | : | |
| Defendant-Appellant. | : | **RELEASED: 12/3/2015** |

APPEARANCES:

Joseph D. Reed, Columbus, Ohio, for appellant.

Jeff Adkins, Gallia County Prosecuting Attorney, Gallipolis, Ohio, for appellee.

Harsha, J.

{¶1}    A jury convicted Barseem K. Allah of possession of heroin, cocaine, and crack cocaine as well as having a weapon under disability. After the court sentenced him to prison, Allah asserts that the court erred in denying his motion for a directed verdict on the charge of having a weapon under disability. Because the state did not introduce an operability report or present the testimony of a witness who had test fired the weapons, Allah claims there was no evidence that the firearms were operable. However, the state introduced the firearms into evidence and an officer testified that one of the firearms was loaded and on the floorboard of the driver's side of the vehicle, and the other firearm had ammunition with it. Thus, from the totality of the circumstances the evidence is sufficient to prove that the firearms were operable.

{¶2}    Next, Allah contends that he received ineffective assistance of counsel because his trial attorney did not conduct effective voir dire of the jury and failed to object to impermissible and irrelevant testimony. Allah's contentions are meritless

because most of his complaints deal with matters of trial strategy, which we do not second guess. And his concern over counsel's failure to object to admission of his prior conviction is also meritless. That conviction was an element in one of the current offenses, so it was clearly admissible. He cannot demonstrate that his trial counsel's performance during voir dire, his failure to object to certain testimony, or his cross-examination of a state's witness was deficient.

{¶3} Therefore, we affirm Allah's conviction and sentence.

## I. FACTS

{¶4} The Ohio State Highway Patrol stopped Allah for speeding. During the stop a trooper smelled the odor of marijuana and brought in a K-9 unit, which gave a positive indication on the vehicle. Troopers searched the vehicle and found a loaded 9 mm pistol on the driver's side floorboard and a .38 revolver with ammunition and marijuana in a suitcase in the back of the vehicle. Troopers also found a bag containing cocaine, crack cocaine and heroin in the center console. The Gallia County Grand Jury indicted Allah with one count of possession of cocaine, one count of possession of heroin, and one count of possession of crack cocaine, all in violation of R.C. 2925.11(A). Because Allah had been previously convicted of a felony offense of violence in 2008, the grand jury indicted him with one count of having a weapon under disability in violation of R.C. 2923.13(A)(2). Allah retained counsel and entered a plea of not guilty.

{¶5} At the trial the state presented the testimony of the two troopers involved in the traffic stop and the testimony of the crime laboratory director for the Ohio State Highway Patrol Crime Laboratory. The state introduced several exhibits including the

two firearms and ammunition, the judgment entry from Allah's previous domestic

violation conviction, and the crime lab report of analysis of the drugs found during the

traffic stop.  The jury returned verdicts finding Allah guilty of all counts.  The trial court

merged Allah's first three convictions into his conviction for possession of cocaine and

sentenced him to a prison term of 10 years, plus an additional consecutive sentence of

30 months for having a weapon under disability.  This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶6}    Allah assigns the following errors for our review:

1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-
   APPELLANT WHEN IT OVERRULED HIS MOTION FOR DIRECTED
   VERDICT OF ACQUITTAL AS TO COUNT FOUR OF THE
   INDICTMENT WHEN THE STATE HAD FAILED TO INTRODUCE
   ANY EVIDENCE OF THE OPERABILITY OF THE FIREARMS
   INTRODUCED AS PLAINTIFF'S EXHIBITS ONE AND TWO.

2. DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE
   OF COUNSEL AT THE TRIAL AS HIS COUNSEL FAILED TO
   PERFORM EFFECTIVE VOIR DIRE OF THE JURY, FAILED TO
   OBJECT TO SEVERAL INTRODUCTIONS OF IMPERMISSIBLE AND
   IRRELEVENT TESTIMONY.

## III. LAW AND ANALYSIS

### A.  Operability of Firearm

{¶7}    First Allah asserts that the trial court erred in overruling his motion for a

directed verdict of acquittal on the count of having a weapon under disability because

the state did not establish that either of the two weapons were operable.  The state did

not submit testimony of a witness who had test fired the weapons, nor did the state

submit an operability report into evidence.  There was no evidence that Allah had

wielded the weapons or made threatening statements about using them. The state's

evidence concerning the weapons' operability was limited to the actual weapons, the

ammunition found loaded in or with the weapons, and the troopers' testimony concerning the type or model of the weapon and the weapons' location in the vehicle. The trooper stated that he had found the loaded Sign Sauer 9 mm on the floorboard directly in front of the driver's seat and the Smith & Wesson .38 revolver with ammunition in a suitcase in the back of the vehicle.

{¶8}    Crim.R. 29 motions for acquittal test the sufficiency of the evidence presented at trial. *State v. Williams*, 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996); *State v. Wireman*, 4th Dist. Pike App. No. 01CA662, 2002-Ohio-1526, ¶ 8. Crim.R. 29 requires a court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. But the court may not grant a defendant's Crim.R. 29 motion "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. In making this determination the court must construe the evidence in the light most favorable to the prosecution. *Williams,* 74 Ohio St.3d at 576. We undertake a de novo review of the trial court's decision on a Crim.R. 29 motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. If any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, we will not disturb the conviction. *Williams,* 74 Ohio St.3d at 576, 660 N.E.2d 724; *Jenks,* 61 Ohio St.3d at 273, 574 N.E.2d 492.

{¶9}    Under R.C. 2923.13(A)(2), a person who has been convicted of a felony of violence is prohibited from possessing a firearm. R.C. 2923.11(B) defines "firearm" as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant":

> (B)(1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.

> (2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm.

{¶10}    "[T]he state must prove beyond a reasonable doubt that the firearm was operable or could readily have been rendered operable at the time of the offense." *State v. Gaines*, 46 Ohio St.3d 65, 68-69, 545 N.E.2d 68 (1989).  Subsection (B)(2) of the statute expressly allows the trier of fact to rely upon circumstantial evidence to determine if the firearm was operable. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541 (1997), paragraph one of the syllabus. Empirical analysis of the gun is not required to prove operability. *State v. Murphy*, 49 Ohio St.3d 206, 209, 551 N.E.2d 932 (1990).

{¶11}  Recently in *State v. Dickerson*, 11th Dist. Ashtabula App. No. 2013-A-0046, 2015-Ohio-938, a case with similar facts, the court held that "evidence that a gun was loaded combined with the submission of that gun into evidence is sufficient to prove operability." *Id.* at ¶36, citing *State v. Messer*, 107 Ohio App.3d 51, 55, 667 N.E.2d 1022

(9th Dist. 1995), appeal not allowed 75 Ohio St.3d 1422, 662 N.E.2d 25 (1996).  In

*Dickerson* a vehicle search after a traffic stop revealed a loaded handgun under the

driver's seat.  The state introduced evidence that the firearm was loaded when the

officer found it and the firearm was submitted into evidence.  Dickerson argued that

there was insufficient evidence that the firearm was operable to sustain his conviction of

a firearm specification. The appellate court disagreed and held that because the firearm

was loaded when the officer found it and the firearm was introduced into evidence, "a

reasonable jury could conclude the firearm was operable." *Id.*

{¶12}  Similarly in *Messer*, supra, the court held that where the state produced

testimony of a veteran police officer who stated that the gun "appeared operable" and

was found hidden and loaded under a mattress, and the gun was admitted into

evidence, there was sufficient evidence to prove operability.  *Messer* at 55.  *State v.*

*Miller,* 12th Dist. Preble App. No. CA2002-02-004, 2002-Ohio-6109, ¶13-14 (evidence of

test-firing not required because, "the firearms themselves were admitted into evidence,

along with testimony that the pistol was loaded and ammunition for both firearms was

found nearby. Even without testimony regarding firing of the weapons, these facts alone

could be sufficient to establish operability."); *see also Sanders v. McMackin*, 786

F.Supp. 672, 676 (N.D. Ohio 1992) (vacating sentence for firearm specification because

state failed to meet burden to prove operability, "If the purchaser had placed bullets in

the gun before giving it to Sander's father, or had the witness testified that he saw

bullets in the gun, a rational jury could possibly make the inferential leap to find

operability.").

**{¶13}**  Here the state offered the firearms into evidence. The troopers testified that one of the firearms was a loaded 9 mm handgun found on the driver's side floorboard and the other firearm was a .38 revolver in a suitcase with ammunition.  The jury had the actual weapons and could logically infer from the loading of one gun and the provision of ammunition for the other that both were capable of firing that ammunition. Neither testimony of test-firing nor operability reports are required to prove operability. Under the case law developed since *Gaines*, there was sufficient evidence of operability to sustain Allah's conviction for having a weapon under disability.

### B. Ineffective Assistance of Counsel

**{¶14}**  Next Allah asserts that he received ineffective assistance of counsel because his trial attorney failed to perform effective voir dire, contending that "[o]ne would think that given the unusual nature of the Defendant's name, he would have pursued whether that prejudiced the jurors."  Allah also claims that his trial counsel failed to object to impermissible and irrelevant testimony. To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011–Ohio–3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 23. The defendant has the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 62. Failure to satisfy

either part of the test is fatal to the claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

**{¶15}** In reviewing the claim of ineffective assistance of counsel we must indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

**{¶16}** Allah's claim lacks merit for several reasons. First, "[c]ounsel's actions during *voir dire* are presumed to be matters of trial strategy." *State v. Perez*, 124 Ohio St. 3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶206-208. Although Allah does not specify what aspect of his name would arouse prejudicial sentiment, it is apparent he implicitly refers to its Islamic character. Regardless, the actual decision to voir dire on racial, ethnic or religious prejudice is a choice best left to a defendant's counsel. *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000). "In these situations, we normally defer to counsel's judgment." *Smith* at 328, 731 N.E.2d 645 (finding no ineffective assistance of counsel for not examining on racial or religious bias).

**{¶17}** In this case it was neither deficient nor prejudicial for counsel to forgo asking racial, ethnic or religious bias questions. Defense counsel had to weigh the risks inherent in interrogating prospective jurors on the sensitive question of racial and religious prejudice. *See Smith,* 89 Ohio St.3d at 328. There was little reason for defense counsel to run these risks, because racial, ethnic and religious issues were not at issue in this case. Allah was stopped for exceeding the speed limit and was found to have drugs and firearms in the vehicle he was driving.  There were no other persons,

passengers, or witnesses involved in the incident and no references to any race or religion were made. Because racial and religious issues played no part in the trial of this case, defense counsel could quite reasonably determine that the potential costs of conducting voir dire on racial or religious prejudice outweighed any possible benefit from such a course. *See State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶¶ 206-208.

{¶18}  Allah also contends that his counsel conducted "a voir dire that was practically non-existent." We find no factual basis for this contention.  The judge, the state, and Allah's counsel each asked a number of questions of the jury and defense counsel exercised several preemptory challenges.  The judge and the state each asked their questions prior to defense counsel's questioning. Even if his counsel's questioning was brief it was not deficient, because counsel "need not repeat questions about topics already covered by group voir dire, opposing counsel, or the judge." *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 47.

{¶19}  Accordingly, we find no deficient performance in defense counsel's voir dire and we reject this ineffective-assistance claim.

{¶20}  Next Allah claims that his defense counsel failed to object to impermissible and irrelevant testimony.  He argues that his counsel should have objected to testimony that he had been sent to prison for his prior felony and was on post release control at the time of his arrest.  However, evidence of Allah's prior felony was an element of the state's case and necessary to prove he had a weapon under disability.  The state submitted the previous judgment of conviction, which contained both Allah's conviction and his sentence. Therefore, both the fact that he had been in prison and was on post

release control at the time of the traffic stop was already placed into evidence through the admission of the judgment of conviction. The state's witness testified that the person identified on the judgment of conviction, Knowledge White, was the same person as the defendant, Barseem K. Allah, and that White had changed his name to Allah since the prior felony conviction. The testimony concerning the prior conviction was limited and did not contain any more facts or details than necessary to sufficiently identify Allah as the same individual as Knowledge White and confirm that he had been convicted and sentenced  and was on post release control at the time of the traffic stop. All of those facts were contained in the judgment of conviction. No testimony concerning the details of the prior conviction was provided to the jury.

**{¶21}** The fact that Allah had a prior conviction was an element of the offense and necessary to prove the state's case. "The state must provide sufficient proof necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of an offense" and "[w]hen a previous conviction is an element of an offense, the state must prove the prior offense beyond a reasonable doubt." *State v. Smith*, 68 Ohio App.3d 692, 695, 589 N.E.2d 454 (1990). "Neither the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction." *Id.* Therefore the testimony concerning his prior conviction and sentence was neither impermissible nor irrelevant as Allah contends.

**{¶22}** Additionally, the trial court admonished the jury that they were given evidence of the conviction because it was an element of the offense and they were not to consider it to prove character of the defendant or that he acted in conformity or in

accordance with that character. Thus, we find no deficiency in trial counsel's performance in this regard.

**{¶23}** Allah also contends that his counsel's cross examination of Trooper Johnson and his failure to object to Trooper Johnson's testimony about how he assesses suspicious activity prejudiced the jury against him. However, decisions regarding cross-examination are within trial counsel's discretion and generally do not form the basis for a claim of ineffective assistance of counsel. "The extent and scope of cross-examination clearly fall within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel." *State v. Madden,* 4th Dist. Adams App. No. 09CA883, 2010-Ohio-176, ¶ 25, citing *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, at ¶ 146; *State v. Campbell,* 90 Ohio St.3d 320, 339, 2000-Ohio-183, 738 N.E.2d 1178; *State v. Otte,* 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711. " '[A]n appellate court reviewing an ineffective assistance of counsel claim must not scrutinize trial counsel's strategic decision to engage, or not engage, in a particular line of questioning on cross-examination.'" *State v. Dorsey,* 10th Dist. No. 04AP–737, 2005–Ohio–2334, ¶ 22, quoting *In re Brooks,* 10th Dist. No. 04AP164, 2004–Ohio–3887, ¶ 40.

**{¶24}** After review we have no cause to second-guess defense counsel's cross-examination strategy. The challenged cross-examination and recross testimony attempted to cast doubt upon the credibility of the witness and to argue that what Trooper Johnson characterized as suspicious behavior could also be characterized as normal, everyday driving behavior. Again, we find no deficiency in trial counsel's performance in this regard.

**{¶25}**   Finally, Allah claims that his defense counsel did not raise the issue of his right not to testify at trial or his lack of any burden of proof in a criminal trial. However, Allah does not explain whether and how this failure prejudiced him. The trial court addressed these issues in its instructions to the jury, informing the jury of the state's burden of proof, the defendant's presumption of innocence, and the defendant's right not to testify.  Allah has not demonstrated that his counsel's assistance was deficient or that it resulted in any prejudice.

**{¶26}**   We overrule Allah's second assignment of error.

## IV. CONCLUSION

**{¶27}**   The trial court did not err in denying Allah's motion for a directed verdict on the charge of having a weapon under disability because the state presented sufficient evidence that the firearms were operable.  Additionally, his ineffective assistance of counsel claim fails because he did not establish both a deficient performance and resulting prejudice. Having overruled Allah's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

### JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, A.J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
       William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**