[Cite as *State v. Wynn*, 2017-Ohio-8045.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160782 |
| | | TRIAL NO. C-16CRB-22762 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SHAUN WYNN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 4, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}   Following a bench trial, defendant-appellant Shaun Wynn was convicted of domestic violence for assaulting his wife, Jennifer Wynn.  He now appeals.

{¶2}   At trial, Jennifer testified that Shaun Wynn was her husband and that they had been married nearly seven years.  Jennifer and Wynn had no children together, but she had four children from another relationship.

{¶3}   Jennifer had left her two youngest children with Wynn at his sister's house so that she could take her older children to Kings Island.  When Jennifer arrived to pick up the younger children, Wynn got into the passenger seat of her car and began choking and punching her.

{¶4}   On cross-examination, defense counsel asked Jennifer whether she and Wynn had been separated on the date of the offense.  Jennifer responded, "No. We were not living together, but we were still together."  Jennifer testified that she was living at her mother's house.  When defense counsel asked Jennifer, "And Shaun was staying with his sister?," Jennifer responded, "Yes."  At the close of the state's case, the trial court denied Wynn's Crim.R. 29 motion for a judgment of acquittal.

{¶5}   In the defense case, Wynn testified that he and Jennifer had lived together until they lost their home.  After that, the two lived separately.  He admitted that he and Jennifer had argued on the date of the offense, but he denied that he had put his hands on her.

{¶6}   The trial court found Wynn guilty of domestic violence and sentenced him to 180 days' incarceration.

{¶7}   In his first assignment of error, Wynn challenges the trial court's denial of his Crim.R. 29 motion for a judgment of acquittal.  The standard of review for the denial of a Crim.R. 29 motion is the same as the standard for a challenge to the sufficiency of the evidence.  *See State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.   In reviewing a challenge to the sufficiency of the evidence, this court must determine whether, after construing all reasonable inferences in favor of the state, any reasonable trier of fact could find that the state presented evidence to prove each of the essential elements of the offense beyond a reasonable doubt.   *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph two of the syllabus.

{¶8}   Wynn was convicted of domestic violence pursuant to R.C. 2919.25(A), which prohibits knowingly causing or attempting to cause physical harm to a family or household member.  The term "family or household member" is defined to include a spouse "who is residing or has resided with the offender."  R.C. 2919.25(F)(1)(a)(i). Wynn argues that the state failed to prove in its case-in-chief that his wife was a "family or household member" for purposes of R.C. 2919.25(A).

{¶9}   In denying Wynn's Crim.R. 29 motion, the trial court stated that it interpreted Jennifer's testimony to mean that she and her husband "are not legally separated; they just weren't living together at that moment."  We find the trial court's interpretation of Jennifer's testimony is reasonable and that her testimony gives rise to a reasonable inference that they resided together previously.   Construing all reasonable inferences in favor of the state, we hold that the state presented sufficient

3

evidence in its case-in-chief that Wynn and his wife had lived together at some point during their seven-year marriage. *See Jenks*, 61 Ohio St.3d at 273, 574 N.E.2d 492. Therefore, we overrule the first assignment of error.

{¶10} In his second assignment of error, Wynn argues that his conviction was based upon insufficient evidence and was against the manifest weight of the evidence. In reviewing a challenge to the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 79 Ohio St.3d at 387, 678 N.E.2d 541.

{¶11} Wynn contends that his testimony that he and Jennifer had lived together "at one point in time" was insufficient to establish that she was a "family or household member." We disagree. As we have concluded, the state presented sufficient evidence to establish that element of the offense. Wynn's testimony further supported this element.

{¶12} Wynn also argues that Jennifer's testimony regarding what occurred and the physical injuries she sustained was not credible. The determination of credibility was for the trial court. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Our review of the record does not persuade us that the trial court lost its way and created a manifest miscarriage of justice in finding Wynn guilty of the offense. *See Thompkins* at 387. We overrule the second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

MILLER, J., concurs.
CUNNINGHAM, P.J., concurs separately.

CUNNINGHAM, P.J., concurring separately.

{¶13} I concur in the judgment only, because I disagree with the majority's analysis under the first assignment of error. A motion for a judgment of acquittal should not be granted when reasonable minds can reach different conclusions as to whether each element of the crime charged has been proved beyond a reasonable doubt. *See State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. I cannot conclude that the evidence at the close of the state's case-in-chief met the beyond a reasonable doubt standard with respect to the "family or household member" element of the domestic-violence offense. But because Wynn waived his right to challenge the sufficiency of the evidence at the close of the state's case by presenting a defense, and his testimony filled the gap in the state's evidence, he has failed to demonstrate reversible error.

{¶14} As relevant to this case, a "family or household member" is defined as a "spouse" who "is residing or has resided with the offender." R.C. 2919.25(F)(1)(a)(i). The domestic-violence statute thus required proof that the spouse had resided with the offender at some point, *see State v. Sims*, 169 Ohio App.3d 579, 2006-Ohio-6285, 863 N.E.2d 1110, ¶ 13 (1st Dist.), and that proof could be by direct or circumstantial evidence. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. Reasonable inferences are allowed to fill in any gaps in the evidence. *See State v. Guidugli*, 157 Ohio App.3d 383, 2004-Ohio-2871, 811 N.E.2d 567, ¶ 17 (1st Dist.). An inference is " 'a conclusion which, by means of data founded upon common experience, natural reason draws from facts

which are proven.' " *Id.*, quoting *State v. Nevius*, 147 Ohio St. 263, 71 N.E.2d 258 (1947).

{¶15} The majority holds that Jennifer's testimony was sufficient to establish the "is residing or has resided" requirement because one could reasonably infer from her testimony that she and Wynn had resided together previously. But I do not agree that one could reasonably infer this from her testimony. Jennifer clearly testified that she and Wynn were not living together at the time of the offense. And she was never asked if she had ever lived with Wynn.

{¶16} The trial court inferred that Jennifer and Wynn had lived together at some point because when Jennifer was asked on cross-examination whether she and Wynn had been separated on the date of the offense, she replied, "No. We were not living together, but we were still together." The court "interpreted" this testimony to mean that they were "not legally separated; they just weren't living together at that moment" and, based on this interpretation, inferred that Jennifer and Wynn had previously lived together. The majority finds to be reasonable the trial court's interpretation of this testimony and its inference. But the fact that the parties were "legally separated" does not support an inference or a determination that they had ever resided together. Jennifer's testimony, even when viewed in the light most favorable to the state, is too ambivalent to reasonably suggest that they had once lived together. Moreover, as the domestic-violence statute emphasizes by requiring evidence that the victim was not just a spouse, but a spouse who had once resided with the offender, one cannot infer from the mere fact that Jennifer and Wynn were married and not legally separated that they had resided together at one point.

6

{¶17} Nonetheless, I would affirm Wynn's conviction because Wynn presented a defense, and he testified that he and Jennifer had lived together. This court adheres to the rule "that a defendant who presents evidence and testifies in his defense waives his right to challenge the sufficiency of the evidence at the close of the state's case." *Guidugli*, 157 Ohio App.3d 383, 2004-Ohio-2871, 811 N.E.2d 567, at ¶ 14.[1]    *See United States v. Black*, 525 F.2d 668, 669 (6th Cir.1975) ("The rule is settled that when a defendant introduces evidence, he waives any objection to the denial of his motion to acquit at the close of the government's case. The defendant may renew his motion at the close of all the proof * * * but the court will then consider the sufficiency of the evidence on the record as a whole and not the sufficiency of the government's case in chief.")(Citations omitted.) *See also Smith v. Massachusetts*, 543 U.S. 462, 472, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005) ("Many jurisdictions still follow the traditional rule that after a trial or on appeal, the sufficiency-of-the-evidence challenges are reviewed on the basis of the entire record,

---

[1] In *Guidugli*, we noted that the Second Appellate District in *State v. Parks*, 56 Ohio App.3d 8, 9-10, 564 N.E.2d 747 (2d Dist.1990) no longer adhered to this rule. The *Parks* court reasoned that the Ohio Supreme Court's holding in *Helmick v. Republic-Franklin Ins. Co.*, 39 Ohio St.3d 71, 529 N.E.2d 464 (1988), that a defendant in a civil case does not waive a claim of error by presenting evidence after the denial of a motion for a directed verdict pursuant to Civ.R. 50(A)(2), should apply equally in the criminal forum when a defendant presents evidence after the denial of his Crim.R. 29(A) motion at the conclusion of the state's case and renews his motion at the close of all evidence. Other districts have similarly held that a criminal defendant may present evidence without waiving his right to challenge on appeal the sufficiency of the evidence at the close of the state case, if the motion is renewed, also relying primarily on *Helmick*. *See, e.g., State v. Whiteaker*, 188 Ohio App.3d 489, 2010-Ohio-3502, 935 N.E.2d 934, ¶ 15 (8th Dist.); *State v. Brown*, 90 Ohio App.3d 674, 685, 630 N.E.2d 397 (11th Dist.1993).

This court in *Guidugli* rejected *Parks*, emphasizing that the Ohio Supreme Court's holding in *Helmick* was based in part on language found in Civ.R. 50(A)(2) that is absent from Crim.R. 29, and that the reasoning of *Helmick* did not apply to a criminal case. We explained, "Unlike a civil case, the state may not depose the defendant or call the defendant as a witness on cross-examination in its case-in-chief. The Fifth Amendment to the United States Constitution guarantees that a defendant charged with a crime may refuse to testify or otherwise present a defense. But if, as here, the criminal defendant does take the stand to assert a defense such as self-defense, in which he essentially admits his guilt absent a finding of justification, there is absolutely no logic or justice in a rule that would require an appellate court to reverse his conviction because of the insufficiency of the evidence before he testified. Such a rule could theoretically allow murders to go free on records that conclusively established their guilt." *Guidugli* at ¶ 16.

even if the defendant moved for acquittal when the prosecution rested and the court erroneously denied that motion.").

{¶18} Accordingly, upon review of the entire record in this case, the evidence was adequate to withstand Wynn's sufficiency- and weight-of-the-evidence challenges. Therefore, I would overrule the assignments of error and affirm the trial court's judgment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.