[Cite as *State v. Pope*, 2019-Ohio-3599.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                              :            APPEAL NO. C-180587
                                                         TRIAL NO. C-18CRB-19241A
    Plaintiff-Appellee,                 :

  vs.                                       :
                                                         *O P I N I O N.*
JAERON POPE, SR.,                           :

    Defendant-Appellant.                :


Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 6, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robinson & Jones Co., L.P.A*, and *Matthew E. Wiseman*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   After a bench trial, Jaeron Pope, Sr., was convicted of the weapons offense set forth in R.C. 2923.12(B)(4) for his failure to comply with a lawful order of a police officer, given during a traffic stop, when Pope was carrying a loaded and concealed handgun for which Pope had been issued a concealed handgun license. During the state's case, the prosecutor did not present evidence that the loaded handgun had been test-fired to determine if it was operable or could be readily rendered operable, a necessary element of the offense. Pope moved under Crim.R. 29(A) for an acquittal on that basis. The trial court denied the motion. Pope then testified in his own defense, to refute the failure to comply allegation. During cross-examination, he admitted the handgun was "operable" and that he kept it ready to fire in his pocket. After the defense rested, Pope renewed his Crim.R. 29(A) motion. The trial court again denied it and subsequently found Pope guilty of the offense.

{¶2}   Pope now appeals from his judgment of conviction, arguing in one assignment of error that the trial court erred by denying his "Crim.R. 29(C) motion for acquittal" because "the state failed to prove beyond a reasonable doubt that [he] was in possession of a an operable firearm." It is clear that Pope's reference to Crim.R. 29(C), which only applies in jury trials, instead of Crim.R. 29(A) is a typographical error, and that Pope is challenging the sufficiency of the state's evidence at the close of the state's case.

{¶3}   Although Pope contends the trial court erred by denying his Crim.R. 29(A) motion at the close of the state's case, Pope presented evidence and testified in his defense. Thus, he waived his right to challenge the sufficiency of the evidence at the close of the state's case. *See State v. Guidugli*, 157 Ohio App.3d 383, 2004-Ohio-2871, 811 N.E.2d 567, ¶ 14 (1st Dist.), cited in *State v. Wynn*, 1st Dist. Hamilton No.

C-160782, 2017-Ohio-8045, ¶ 17 (Cunningham, P.J., concurring separately); *State v. Wernke*, 1st Dist. Hamilton No. C-800348 (June 13, 1981). Accordingly, we recast Pope's assignment of error to have asserted error by the trial court in not granting his Crim.R. 29(A) motion at the end of all evidence. The standard of review for the denial of a Crim.R. 29(A) motion is the same standard for a challenge to the sufficiency of the evidence. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37.

{¶4} In a challenge to the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *See State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

### Analysis

{¶5} Pope was convicted of violating R.C. 2923.12(B)(4), which provides that "[n]o person who has been issued a concealed handgun license shall * * *, if [] stopped for a law enforcement purpose and is carrying a concealed handgun, knowingly disregard or fail to comply with any lawful order of any law enforcement officer given while the person is stopped, including, but not limited to, a specific order to the person to keep the person's hands in plain sight."

{¶6} The definitions governing offenses involving weapon-control measures are found in R.C. 2923.11.[1] As relevant here, "handgun" is defined as "[a]ny firearm

---

[1] This statute has been amended twice since 2018 when Pope committed the offense, but the definitions relevant to this appeal have not changed.

3

that has a short stock and is designed to be held and fired by the use of single hand." R.C. 2923.11(C). "[F]irearm" is defined as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant," including "an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1). Pope's loaded gun undisputedly had a short stock, and was designed to be held and fired with one hand. The issue on review is whether the record contains sufficient evidence that the handgun met the definition of a firearm because it was operable—capable of firing a round.

{¶7} Operability of a firearm may be established by an operability report or testimony of a witness who had test-fired the weapon, but it also may be established by circumstantial evidence. R.C. 2923.11(B)(2); *Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541, at paragraph one of the syllabus, construing and applying R.C. 2923.11(B)(1) and (2). "The trier of fact may consider all relevant facts and circumstances surrounding the crime." *Thompkins* at paragraph one of the syllabus. This includes the representations and actions of the individual exercising control over the firearm, including implicit or explicit threats. *Id.* at 383; *State v. Obsaint*, 1st Dist. Hamilton No. C-060629, 2007-Ohio-2661, ¶ 19.

{¶8} Other evidence showing indicia of operability include the actual gun and bullets. *See State v. Messer,* 107 Ohio App.3d 51, 55, 667 N.E.2d 1022 (9th Dist. 1995); *State v. Allah*, 4th Dist. Gallia No. 14CA12, 2015-Ohio-5060, ¶ 11-13. At least one court has found the circumstances sufficiently demonstrated a firearm's operability where the evidence showed the handgun was kept in a purse and the owner had a concealed handgun license. *State v. Staten*, 10th Dist. Franklin No. 18AP-48, 2018-Ohio-4681, ¶ 13, *appeal not allowed*, 154 Ohio St.3d 1512, 2019-

Ohio-601, 116 N.E.3d 1290. Ultimately, proof of operability "is not dependent on an empirical analysis of the gun." *State v. Murphy*, 49 Ohio St.3d 206, 209, 551 N.E.2d 932 (1990); *Allah* at ¶ 13.

{¶9} Here, two witnesses testified at trial—Springfield Township Police Officer Chad McGuffey for the state, and Pope for his defense. Officer McGuffey testified that when he confronted Pope during a traffic stop, Pope rolled down his window and immediately said he had a "gun" in his pocket. Officer McGuffey observed a strong odor of marijuana and asked Pope to exit from the vehicle. Pope exited from the car and subsequently told the officer he had a concealed-carry license for the gun but, according to Officer McGuffey, Pope disregarded the officer's orders to place his hands behind his back, complying only after he was threatened with a Taser.

{¶10} Officer McGuffey then removed from Pope's right pants pocket a Springfield XD, .45-caliber handgun that had a bullet inside the chamber and a fully loaded, 14-round, magazine. Officer McGuffey did not testify that he had test-fired the weapon, nor was he specifically asked about the operability of the gun, and the actual gun was not offered into evidence. But the officer did say he had confirmed Pope's representation that he had a concealed-carry license, and a photograph Officer McGuffey had taken of the gun was offered and admitted into evidence.

{¶11} After the state rested, Pope took the stand and admitted on cross-examination that the gun was "operable" and that he carried the gun fully loaded with "a round in the chamber because you might not always have time to cock your weapon."

{¶12} Upon our review of the record, we conclude that Officer McGuffey's testimony, alone, provided sufficient circumstantial evidence that the handgun was

5

capable of firing a round and, thus, was operable. Although this case does not involve implicit or explicit threats by Pope, Pope told the officer he had a "gun" and that he had a license to carry it concealed, both statements suggesting that it was a real gun capable of firing a round. Moreover, the officer stated he had found the gun in Pope's pants pocket, described the make and model of it, noted that there was a bullet in the chamber and a fully loaded magazine, and provided a photograph of the gun and the bullets to bolster his testimony. The facts presented fall within the line of cases finding sufficient evidence of operability based on circumstantial evidence. *Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541; *Murphy*, 49 Ohio St.3d 206, 551 N.E.2d 93; *Messer*, 107 Ohio App.3d at 55, 677 N.E.2d 1022; *Staten*, 10th Dist. Franklin No. 18AP-48, 2018-Ohio-4681, at ¶ 13; *Allah*, 4th Dist. Gallia No. 14CA12, 2015-Ohio-5060, at ¶ 11-13.

{¶13} Pope's subsequent testimony admitting that the gun was operable and that he kept it in his pocket ready to fire removed all doubt of the firearm's operability. Pope's conviction, therefore, is based on more than sufficient evidence.

## Conclusion

{¶14} The operability of a firearm may be established by circumstantial evidence, including evidence that the owner kept the firearm, a fully loaded handgun, in his pants pocket and had a license to carry it concealed. Because the record contains sufficient evidence of guilt, we overrule the assignment of error, and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:
    The court has recorded its own entry this date.

6